PEOPLE *v.* DOW.

1. HIGHWAYS AND STREETS — USE — REGULATIONS — MOTOR VEHI-
   CLES—SPEED—CITIES—BUSINESS PORTION.
   > Section 12, Act No. 196, Pub. Acts 1905, regulating the speed of motor vehicles, and prescribing a maximum of eight miles per hour in the "business portion" of cities and villages, applies not only to the central business area of a city, but to all business districts in a city, where there are more than one.[1]

2. SAME—STATUTE — CONSTRUCTION — INDEFINITENESS — DUE PRO-
   CESS OF LAW.
   > The difficulty in ascertaining the fact whether a portion of a city is a business district within the meaning of the statute as so construed does not render it so uncertain and indefinite as to make it unreasonable or make it violative of constitutional provisions requiring due process of law.

Error to the recorder's court of Detroit; Connolly, J. Submitted November 19, 1908. (Docket No. 159.) Decided December 14, 1908.

---

[1] As to the law governing automobiles, see note to *Christy* v. *Elliott* (Ill.), 1 L. R. A. (N. S.) 215.

Alex. Dow was convicted of driving a motor car at an unlawful rate of speed, and sentenced to pay a fine of $25. Affirmed.

*Wilkinson, Post & Oxtoby*, for appellant.

*George B. Yerkes*, Prosecuting Attorney, and *Stewart Hanley*, Assistant Prosecuting Attorney, for the people.

Respondent was convicted upon the charge that he drove a motor car upon Woodward avenue, in the business portion of the city of Detroit, at a rate of speed exceeding eight miles an hour, contrary to the provisions of Act No. 196, Pub. Acts 1905. The particular section of the act violated is section 12, and it reads:

"SEC. 12. No person shall operate a motor vehicle upon a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person, or the safety of any property; and shall not in any event, while upon any highway, run at a higher rate of speed than twenty-five miles an hour, and within the corporate limits of all cities and villages the rate of speed shall not be greater than eight miles an hour in the business portion of any such city or village, and not greater than fifteen miles an hour in all other portions thereof, subject, however, to the other provisions of this act."

It is admitted that Woodward avenue, between Milwaukee and Baltimore avenues, the point at which respondent was driving his car, is, in fact, a business district. Between this point and the main business portion of the city the distance is about two miles, in which distance are districts usually denominated residence districts, and districts devoted more or less to business. In section 1 of the act the term "business portion of any city or village" is defined as "the territory of a city or incorporated village contiguous to a public highway which is at that point either wholly or partially built up with structures devoted to business." The questions presented, as stated in the brief for respondent, are:

" (1) The proper construction of the provisions of Act No. 196 of the Public Acts of 1905, in so far as it undertakes to prescribe speed limits, and to define what is the 'business portion' of a city within which the rate of speed shall not be greater than eight miles an hour, and what constitutes 'other portions,' in which the rate shall not be greater than fifteen miles an hour; and

" (2) If such provisions of the act are not capable of a definite construction, whether they are valid.

"Respondent claims that the provisions of this act undertaking to define the 'business portion' refer only to one central business area in a city, and, if not, that then such provisions are uncertain and indefinite, and therefore void, both on general principles of law and as violating the constitutional provisions with reference to due process of law."

These questions arise upon exceptions properly taken in behalf of respondent.

OSTRANDER, J. (*after stating the facts*). If we consider only the language found in section 12 of the act (Act No. 196, Pub. Acts 1905), it appears that two maximum rates of speed are sanctioned in all cities and villages of the State—one rate in a portion or district designated as the business portion, the other rate in all other portions or parts of the city or village. In most cities and villages such a division of territory can in a general way be made in correspondence with easily observable conditions. It is, however, matter of common knowledge that in some cities widely separated districts are devoted to business, and the record in this case shows affirmatively that such a condition exists in the city of Detroit. Assuming it to be a proper exercise of the police power to require motor vehicles to be driven more slowly in a city than in the country, and more slowly in a business than in a residence portion of a city, there can be no doubt of the power to regulate speed in all of the business districts in the same city, and, unless the intention to except all but one business district in a city having more than one is clear, we should find in the reason for the regulation reason for its

application to all business districts. When the title of the act and all of its provisions are read together, with proper regard for the fact that the statute is general, applying to all cities and villages, and especially when we consider the meaning which is given, in the statute, to the term "business portion of any city or village," we are obliged to reject the idea that the violated regulation is operative in all cities and villages only in a single, central, business area. Given the meaning indicated, Is the statute so uncertain and indefinite as to be void?

It is said that it is not possible for one to know, with certainty, whether he is in a business portion or in some other portion of a city, and that it is unreasonable to require one to determine at his peril the character of the district or portion of the city through which he is passing. No one has the absolute right to travel upon any highway at a particular speed. The statute does not, in any case, deny the right to use the highway. The difficulty in determining in any case whether territory at a particular point is either wholly or partially built up with structures devoted to business does not seem to us to be either real or apparent. Whether it is so wholly or partially built up at a particular point is a question of fact. If a maximum speed within the corporate limits of a city was fixed by statute, it would be a question of fact whether the accused was within the limits. In either case, difficulty in ascertaining the fact would not be reason for saying the statute provision was uncertain or indefinite. It may be inconvenient for the driver of a motor car to diminish or increase speed accordingly as he enters and leaves a portion of the city wholly or partially built up with structures devoted to business, but this is not a good reason for saying that the requirement is unreasonable.

The conviction is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and BROOKE, JJ., concurred.