THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* PENKETH.

[No. 3,811.   Filed June 27, 1901.]

RAILROADS.—*Injury at Crossing.—Contributory Negligence.*—In an action for personal injuries at a railroad and street crossing it was shown that as plaintiff approached the crossing on a bicycle a freight car stood on the track, projecting upon the pavement of the street, and, as she attempted to cross the track, defendant's servants detached a car from its locomotive, and permitted the loose car to run against the standing car, causing it to move along the track and collide with plaintiff's bicycle, causing the injury; that plaintiff's view was so obstructed she could not see the moving car which set in motion the car that struck her, but saw the engine about a block away going from the street crossing, and could not hear the approaching car. There was no warning of any kind of the approach of the car. *Held*, that the question as to plaintiff's negligence was properly submitted to the jury as a question of fact. *pp. 211-216.*

APPEAL AND ERROR.—*Instructions.*—Where the instructions considered together as a whole state the law of the case correctly, error in a single instruction or clause of an instruction will not be cause for reversal. *p. 217.*

TRIAL.—*Railway Crossing.—Jury Viewing Place of Injury.*—It was not error for the court in an action for an injury at a railroad crossing to permit the jury to view the crossing, under proper instructions, over the objection of defendant after an affidavit had been introduced that the crossing and its surroundings had been materially changed, where the affidavit disclosed that there had been a change in the position of the cars, but no change in the location of the tracks. *pp. 217, 218.*

From Madison Superior Court; *H. C. Ryan,* Judge.

Cleveland, etc., R. Co. *v.* Penketh.

Action by Lottie Penketh against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company for injury at a railroad and street crossing. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. W. Lovett, F. E. Holloway, W. H. Dye* and *C. E. Cowgill,* for appellant.

*E. B. Goodykoonts, G. M. Ballard* and *B. H. Campbell,* for appellee.

PER CURIAM.—Action for damages for alleged injuries at a street crossing on appellant's road in the city of Anderson. Complaint in one paragraph to which a demurrer was overruled. Trial upon the general issue, general verdict for appellee, and answers to interrogatories. Appellant's motion for judgment on the answers and its motion for a new trial were overruled. These rulings are the only errors assigned which are discussed.

Appellant's railroad runs east and west through the city of Anderson, and crosses at right angles Meridian street, a brick paved street twenty-seven feet wide and a principal thoroughfare. At the crossing appellant has five tracks crossing the street, and south of these a sixth track, known as the Bronnenberg track, which abuts the east side of the street. The south track of those crossing the street is known as house track number one. Along the center of the street is a street railroad. These tracks and the street are substantially on the same level.

The jury answered that between 6:30 and 7 p. m. on June 27, 1898, appellee, twenty years old, average bodily activity, good sight and hearing, sufficiently skilled in riding a bicycle readily to control its movements, was riding a bicycle on Meridian street and attempted to cross the tracks. When she came to a point fifty feet from the track on which the car that struck her stood she was traveling six miles an hour, and four miles per hour as she passed from a point fifty feet from the track to a point ten feet from the track, and the same speed from a point ten feet from the track to

the place where she was struck by the car. When the car first began to move toward her she was two feet from the car and just north of the south rail. The car was thirty feet long and eight and one-half feet wide, and when it first began to move toward her the west end of the car was two feet west of the east line of the street. All of these tracks were in use by appellant at all times of the day and night in moving trains, cars, and engines. The car that struck appellee was moving four miles per hour. As appellee approached the crossing she was going north and was on the east side of the street car tracks. As appellee approached the crossing and was between five and fifty feet of the point where the accident occurred appellant was not operating an engine in the moving of cars on house track number one. As she approached the point where the accident occurred a freight car stood on house track number one across the east sidewalk and projected upon the pavement of the street. As she was attempting to cross this track appellant's servants detached a car from its locomotive, which was pushing it upon that track and permitted the loose car to run against the standing car causing it to move along the track and collide with the bicycle, causing the injury. A flat car five feet high stood on the Bronnenberg track, the west end of which car was sixteen feet east of the east line of the street. Appellee could not have looked over this car and have seen an approaching box freight car on track number one. As appellee approached the crossing and was fifteen feet south of the south rail had she looked east along the track she could not have seen a car such as the one that set in motion the car that struck her; nor could she have seen a car when twelve feet south of the track, nor ten feet, nor eight feet, nor seven feet, nor five feet, nor four feet. When she was five feet south of the track she could not have seen an approaching car before it struck the car that stood on the track; nor could she have seen it when it was fifteen, twelve, ten, eight, seven, six, five or four feet east of the standing car. Had

she listened she .could not have heard the moving car when seventy-five feet east of the standing car, because it made no noise; and for the same reason could not have heard it when the moving car was fifty, twenty-five, or fifteen feet east of the standing car. She had seen the engine going east, which indicated to her that the car would not be approached from the east by an engine or car. Appellee was and for ten years had been familiar with the location of the tracks and of their uses by appellant. The car was pushed into the street by "kicking in a car". The bell of the engine as it pushed the cars against the standing car was not ringing. "Cars on track one at crossing and Bronnenberg track totally obstructed" view between Bronnenberg track and house track number one looking east from Meridian street as far as Main street. The brake on the car that struck appellee was set. Had she attempted to cross the track five feet or more from the car she would not have escaped the collision. There was a space of at least twenty-five feet west of the west end of the car through which she might have crossed. She attempted to cross by riding at a distance of not to exceed three feet from the car and when her husband was riding a bicycle so near on her left that she could not turn away from the car in case it should start toward her.

It is well settled that the crossing of a highway by a railroad track is a place of known danger and that a traveler on the highway must approach it as such under the apprehension that a train is liable to cross at any moment, and that the traveler's negligence is shown if an accident happens which might have been avoided by the use of his faculties. The rule is also well established that all reasonable presumptions must be indulged against the special answers and in support of the general verdict, and if the general verdict, thus supported, is not in irreconcilable conflict with the special answers, it must stand.

The answers show appellee was familiar with the crossing and with the uses to which the tracks were put by appellant.

The fact that the car was projecting over the sidewalk did not necessarily make it incumbent upon appellee to attempt to cross the track further towards the west. The evidence shows she was riding on the right side of the street and about half way between the street car track and the curb; that she was in a place where she had a right to be. The fact that she might have gone twenty-five feet to the west and probably avoided the accident, and did not do so, her failure to do so was not necessarily a negligent act. Whether or not she was negligent in going as close to the car as she did go depended upon the circumstances surrounding her at the time. She should be held to the exercise of ordinary care and prudence under all the circumstances, and if in good faith and with ordinary care and prudence she acted upon appearances, and was deceived thereby, negligence will not be imputed to her. *Chicago, etc., R. Co.* v. *Hedges,* 105 Ind. 398; *Howe* v. *Ohmart,* 7 Ind. App. 32; *Cleveland, etc., R. Co.* v. *Keely,* 138 Ind. 600.

The bicycle had rubber tires and made no noise; appellee was riding about four miles an hour, was looking both east and west and saw no car or engine approaching; she saw the engine about a block away going away from the street crossing; she listened and heard no car approaching; she saw the car standing at the crossing with no car attached and no locomotive nearer than a square away, and going away from the car. The car that struck the standing car was uncoupled from the engine about a block away and with the momentum given to it at that place ran down to and against the standing car. The jury found the approaching car made no noise. Appellee testified that she knew the crossing was dangerous, that she was riding slowly as she could ride, about as slow as any ordinary walk as she approached the crossing; that she looked both east and west for trains, and listened, and saw the train going east and thought everything all right and started across, that she knew where the watch-house was and looked for a watchman but none was there at

that time. There was no warning of any kind that the car was approaching.

The failure to give warning or the required signals at a crossing does not excuse the party injured from the exercise of due care. But in determining the question of appellee's conduct before and at the time she approached the crossing it is proper to consider along with other facts and circumstances as to her conduct at the time and place, the failure of the company to give the statutory signals. In *Indianapolis, etc., R. Co.* v. *McLin,* 82 Ind. 435, the court said: "He [the party injured] looked and listened, but could neither see nor hear an approaching train. No bell was ringing, no whistle sounding. Everything indicated the absence of danger. He had a right to know, for such is the law, that it was quite as much the duty of the appellant to give timely warning of the approach of its cars to the crossing as it was his duty to listen for such warning. He listened, but there was no warning; he looked but no train or danger could be seen. This was all the law, under the circumstances, required. While it is true that the failure of the appellant to give warning did not relieve the appellee's son from exercising care to avoid injury, yet the absence of such warning is a circumstance to be taken into consideration in determining whether he did exercise the degree of care required or not." *Pittsburgh, etc., R. Co.* v. *Martin,* 82 Ind. 476; *Cleveland, etc., R. Co.* v. *Harrington,* 131 Ind. 426; *Pennsylvania Co.* v. *Stegemeier,* 118 Ind. 305, 10 Am. St. 136; *Chicago, etc., R. Co.* v. *Boggs,* 101 Ind. 522, 51 Am. Rep. 761; *Baltimore, etc., R. Co.* v. *Conoyer,* 149 Ind. 524; *Louisville, etc., R. Co.* v. *Williams,* 20 Ind. App. 576.

There are cases where the failure of a bicycle rider to stop and alight before proceeding to cross is held negligence; but taking all the conditions as they existed at the time and place appellee was injured, and the precautions she took to avoid danger as she approached the crossing, we can not say, as matter of law, that her failure to stop and alight was negli-

gence. The facts are not such as to force the legal conclusion that there was contributory fault. *Louisville, etc., R. Co.* v. *Williams, supra.*

Among others the court gave the following instruction: "27. It was the duty of the defendant, under the law, in the operation of its trains and cars, when approaching a street crossing in a city, to give warning of the approach of such train or cars; and the plaintiff on approaching such railroad crossing on the street had a right to assume that the defendant would obey the law by giving the required signal of ringing the bell or sounding the whistle of its locomotive, or some other warning of an approaching train or cars; and if you find from the evidence that the defendant failed to give any warning of the approach of its train or cars at such crossing that injured plaintiff, and you further find that plaintiff, before she entered upon defendant's railway, exercised ordinary and reasonable care, by using her senses of sight and hearing at such point where she could have heard or seen the approach of such train or cars, to ascertain if any trains or cars were approaching, and with such exercise of her sight and hearing from such point could neither hear nor see an approaching train or cars, she was justified in presuming that she could pass over the defendant's railway in safety."

In a number of other instructions given, the jury was very fully instructed as to appellee's duty as she approached the crossing. And when considered in connection with these instructions we do not think the above instruction would be construed by the jury as meaning that if appellee could see and hear an approaching train at *any* point before she reached the crossing, and used ordinary care in looking and listening at that particular point, and from such point could neither see nor hear an approaching train, that she had the right to presume that she could pass over in safety. When taken with the other instructions the instruction would not have been thus necessarily restricted in its meaning.

Instruction number thirty reads: "Reasonable and ordinary care is that degree of care which a person of ordinary prudence is presumed to use and exercise, under the particular circumstances, to avoid injury, and it must be in proportion to the danger to be avoided, and the consequences involved in its neglect, and apparent at the time; and this is the degree of care the plaintiff must have exercised before she can recover in this action, and that the defendant and its employes must have exercised to avoid liability in this action."

The jury had been fully instructed that appellee could not recover if her own negligence contributed to her injury. And keeping in view the familiar rule that instructions must be considered together as a whole and if the instructions when so considered state the law of the case correctly error in a single instruction or clause of an instruction will not be cause for reversal, it can not be said that the jury would be misled by this instruction into believing that if the company was negligent it was liable regardless of appellee's contributory negligence.

It is also argued that the court erred in permitting the jury to view the crossing, over the objection of appellant, after an affidavit had been introduced that the crossing and its surroundings were materially changed. The affidavit discloses that there had been a change in the position of cars, but it is not claimed there had been any change in the location and position of the tracks. A plat had been used at the trial showing the crossing, and in an instruction the court told the jury that they were permitted to view the premises to enable them better to understand the testimony of witnesses and any other evidence respecting the same, but that they were not to take into consideration, in deciding the case, as evidence, anything they may have seen or heard while viewing the premises; that they must decide the case upon the evidence introduced while in the court room during the trial. Appellant has not shown that it was in any

way harmed by the action of the court. *Heady* v. *Vevay, etc., Co.*, 52 Ind. 117; *City of Indianapolis* v. *Scott*, 72 Ind. 196.

It was not necessarily negligence for appellee to attempt to cross the track in close proximity to the standing car when she might have gone farther away from the car and possibly escaped injury. The court properly instructed the jury that if appellee was acquainted with the crossing and the use of the tracks, that the abutting track was filled with cars and a freight car was standing on the first track that crossed the street so that the west end projected over the east sidewalk and into the street, and the west half of the street was unobstructed, that appellee was riding on the east side of the street and could have crossed to the west side where there was no obstruction, but instead of doing so she continued riding on the east side of the street and attempted to cross in close proximity to the car, that the jury might take into consideration all these facts in determining whether she was guilty of negligence contributing to her injury.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.