# Nesbitt *v.* Nesbitt.

[No. 6,265.    Filed January 7, 1909.]

1. TRIAL.—*Instructions.—Others Explanatory.—Burden of Proof.— Notes.*—Where the court instructed, in an action on a note, wherein affirmative defenses were pleaded, some of which placed the burden of proof upon the plaintiff, that the burden of proving the material averments contained in such answer was upon plaintiff "as stated in these instructions," is not misleading, where the jury was later instructed as to the burden of proof as to each paragraph.    p. 45.

2. TRIAL.—*Instructions.—As to Single Paragraph of Answer.—Misleading.—Notes.*—An instruction that the fourth paragraph of answer denies the transfer of the note in suit to the plaintiff, and that if a preponderance of the evidence shows that it was so transferred, the verdict should be for plaintiff for the amount due together with attorneys' fees, is not misleading, where other instructions clearly stated the law as to the remainder of the case.    p. 45.

3. NEW TRIAL.—*Excessive Recovery.—Notes.—Attorneys' Fees.*— Where the judgment on a note includes excessive amounts for attorneys' fees, a remittitur, or in case of a failure thereof, a reversal will be ordered.    p. 47.

From Howard Superior Court; *B. F. Harness,* Judge.

Action by Serena E. Nesbitt against William A. Nesbitt. From a judgment for plaintiff, defendant appeals.    *Affirmed conditionally.*

*Kirkpatrick & Morrison,* for appellant.

*St. John, Charles & Gemmill* and *Blacklidge, Shirley & Wolf,* for appellee.

WATSON, C. J.—This was an action by appellee to recover on a promissory note executed by appellant, in the sum of

$496.72, to John S. Nesbitt on January 27, 1904, payable one day after date at the Farmers Banking Company, of Swayzee, Indiana, and indorsed to appellee by said payee under the name of J. S. Nesbitt. It appears from the complaint and note that $200 was paid on said note to John S. Nesbitt on February 22, 1904. Judgment was demanded, including attorneys' fees, in the sum of $375. On motion of defendant the venue of the cause was changed from the Grant Superior Court to the Howard Superior Court. Defendant answered in four paragraphs: (1) General denial; (2) alleging, in substance, that the note was not delivered or transferred to plaintiff until after its maturity, and that it was fully paid to John S. Nesbitt, the payee, by defendant before defendant had notice that it had been assigned or delivered to plaintiff, and before this action was begun; (3) denying that plaintiff was the owner or entitled to the proceeds of said note, for the reason that it was the property of John S. Nesbitt; "that said note, prior to its maturity, was indorsed by said John S. Nesbitt and placed, as collateral security, with a bank in the town of Swayzee, Indiana, and that the same was afterwards taken up by said John S. Nesbitt and kept in his file of notes at his home in a note book, and that after the maturity of said note said plaintiff, without the knowledge or consent of said John S. Nesbitt, took the same from said note book, kept the same in her possession, and pretended to hold it as collateral security for a note executed by said John S. Nesbitt to her; that she so took said note without any right, consent or direction of said John S. Nesbitt, and that said John S. Nesbitt has been at all times, up to the time of the payment of said note, the owner thereof, and that said note was fully paid to said John S. Nesbitt by the defendant before said defendant knew that said plaintiff held said note or claimed any interest therein;" (4) denying the delivery, transfer or assignment of said note to plaintiff as collateral security, or for any other purpose, and denying that she had any inter-

est in said note. The fourth paragraph of answer was verified by defendant. Plaintiff replied to the answer by general denial. The cause, being thus at issue, was submitted to a jury, and a verdict returned for plaintiff in the sum of $437.38, itemized as follows: (1) Balance on note, $299.58; (2) interest on note, $43.50; (3) attorneys' fees, $60; (4) collections, $34.30—total, $437.38. Judgment was rendered on the verdict for said amount.

Defendant's motion for a new trial was overruled, and the overruling of such motion is the only assignment of error presented in this court.

One of the reasons assigned for a new trial is that the court erred in giving instruction two and one-half, which was as follows: "The plaintiff has replied to the answers by a general denial, which puts upon defendant the burden of proving all the material averments contained in them by a preponderance of the evidence as stated in these instructions." Appellant contends that it is clear that, in order to recover, the jury must have understood therefrom that it was necessary for him to prove the material averments in all three of the affirmative paragraphs of answer. The instruction was that appellant must prove the material averments of said paragraphs of answer "as stated in these instructions." The court then considered the material averments of each paragraph in other instructions, and so instructed the jury in reference to the necessary proof in each in order to justify a recovery thereunder. When this is considered as a whole, the language objected to does not convey the meaning contended for by appellant.

The seventh instruction given by the court at appellee's request was as follows: "There is a fourth paragraph of answer which avers that the note in suit was never delivered, transferred or assigned to the plaintiff as collateral security, or for any other purpose, and that she had no interest in the note. The truth of this paragraph

of the answer is sworn to by the defendant. This paragraph does not deny the execution of the note by the defendant, but only that it was delivered, transferred or assigned to her. This makes it necessary for the plaintiff to prove, by a preponderance of the evidence, that the note was delivered, assigned or transferred to her. Therefore, if you find from the evidence, by a preponderance thereof, that the note was delivered to her or assigned or transferred to her as a collateral security or other purpose, your verdict should be for the plaintiff for such sum as may be due on the note in suit, together with attorneys' fees in whatever sum you may believe from the evidence has been proved in the case." This instruction is objected to for the reason that it disregards the second and third paragraphs of answer. It is a familiar and well-settled rule of law that instructions shall be considered as a whole, and if the instructions, when so considered, state the law of the case correctly, error in a single instruction or clause of an instruction will not be ground for reversal. *Cleveland, etc., R. Co.* v. *Penketh* (1901), 27 Ind. App. 210; *Indiana, etc., Gas Co.* v. *Anthony* (1901), 26 Ind. App. 307; *Bowman* v. *Bowman* (1899), 153 Ind. 498. The jury was told that "the verdict should be for the plaintiff for such sum as may be due on the note in suit, together with attorneys' fees in whatever sum you may believe from the evidence has been proved in the case." The jury was correctly instructed as to the material averments necessary to be proved under the second and third paragraphs of answer. No objection is urged thereto in this court. It must be assumed, therefore, that appellant was content with the same.

Appellant relies upon the case of *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584, but that case is distinguishable from the case at bar. In the instruction there objected to, the fact of knowledge by the decedent of the defect occasioning his death was entirely ignored. In the present case the jury was told to return a verdict for the plaintiff,

if it found the note had been assigned or transferred to her, in such sum as was shown to be due by the evidence in the case, thus leaving to the jury the question of fact, as to the amount lawfully due on said notes, to be determined by the evidence under the other instructions. When thus considered as a whole, it does not appear that the jury was misled or erroneously instructed to justify a reversal of this cause.

One of the reasons assigned for a new trial was: ''The assessment of the amount of recovery is erroneous, being too large.'' The jury for some reason itemized the verdict, which shows that appellee has recovered for and on behalf of her attorneys two items, to wit: Item (3), attorneys' fees, $60, and item (4), collections, $34.30. We do not believe in equity and good conscience that this should be permitted to stand, and especially when we consider the evidence in this case as to attorneys' fees.

Therefore, if the appellee will file her *remittitur* for $34.30 with the clerk of the Howard Superior Court, and cause the same to be certified to the clerk of this court within thirty days, the judgment will be affirmed, and if not so remitted and certified to this court, the judgment will be reversed, with instructions to the trial court to sustain the appellant's motion for new trial.