### LAKE ERIE AND WESTERN RAILROAD COMPANY
### v. OLAND.

[No. 7,351. Filed February 23, 1912.]

1. APPEAL.—Briefs.—Waiver.—Alleged errors not supported by any points, argument, or authority, are waived. pp. 497, 499.

2. RAILROADS.—Street Crossings.—Contributory Negligence.—Interrogatories.—In an action against a railroad company for running its cars without warning or signal, over a street crossing, thereby causing plaintiff's horse to take fright and to injure the plaintiff, an answer to an interrogatory to the jury that if plaintiff, on approaching the crossing, had looked, he could have seen the cars when he was twenty-seven feet from the main track, does not, as a matter of law, overthrow a general verdict for the plaintiff, where other answers showed that the plaintiff, when thirty feet from the track vainly stopped, looked and listened for a train, that the train moved at the rate of six miles an hour, and the plaintiff three miles an hour, and that the plaintiff advanced twelve or fourteen feet after he might have seen the cars. p. 497.

3. NEGLIGENCE.—Contributory.—When Question of Fact.—Interrogatories.—Where answers to interrogatories to the jury contain facts of such a character that contributory negligence is the only reasonable conclusion that can be drawn therefrom, the court may so declare; and a general verdict for the plaintiff will be overthrown; otherwise the general verdict must prevail. p. 498.

4. NEGLIGENCE.—Contributory.—Close Questions of Time and Distance.—Question for Jury.—Where the question of contributory negligence depends upon close calculations of time or distance, it is one of fact for the jury. p. 499.

5. TRIAL.—Verdict.—Interrogatories.—Answers to the interrogatories to the jury overthrow a general verdict only when they are in irreconcilable conflict therewith under any evidence admissible within the issues. p. 499.

6. RAILROADS.—Street Crossings.—Complaint.—Allegations of Injuries.—Evidence.—Under a complaint alleging that the plaintiff

was greatly and severely bruised and injured, that "his back and right hip and body were injured and bruised," that he "received a severe shock and jolt" and that a "condition of piles with which he was afflicted was greatly aggravated," evidence is admissible to show that the plaintiff was compelled to undergo an operation for the removal of a fistula. p. 501.

7. DAMAGES.—*Excessive.*—*Evidence.*—In estimating damages the jury may consider all admissible evidence relating thereto; and a judgment for $500 cannot be considered excessive, where plaintiff was thrown, severely bruising his body, legs and ankles, and that his ligaments were torn and broken, his hips and body bruised, and an operation for fistula necessitated thereby. p. 502.

From Randolph Circuit Court; *James S. Engle*, Judge.

Action by Thomas C. Oland against the Lake Erie and Western Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John B. Cockrum* and *Silverburg, Bracken* and *Gray*, for appellant.

*George H. Koons, George H. Koons, Jr.*, and *Marsh & Jaqua*, for appellee.

FELT, C. J.—This action was brought by appellee to recover damages for personal injuries alleged to have been received by him on account of the negligence of appellant.

The complaint was in one paragraph. A demurrer thereto for insufficiency of facts was overruled, and issues joined by general denial. Trial by jury resulted in a verdict for appellee for $500, on which final judgment was duly rendered.

The appellant has assigned as errors (1) overruling its demurrer to the complaint, (2) overruling its motion for judgment on the answers to the interrogatories notwithstanding the general verdict, (3) overruling its motion for a new trial.

In answer to the interrogatories the jury found the following facts: Appellee was injured as alleged on December 11, 1905, while driving in an open vehicle, drawn by one horse, westward along Willard street in the city of Muncie.

Appellant's track crosses said street at right angles. A building of the Indiana Bridge Works was, at the time of the accident, situated on the south side of said street, extending from Liberty street westward to a point forty-five feet, six inches, from the center of said tracks, and twenty-three feet south of the south line of Willard street and parallel therewith. At the time there was a stub switch extending south from Willard street parallel with said main track, and ten feet east of the center of said main track. In addtion to said building of the Indiana Bridge Works, appellee's view to the south was obstructed by cars, a scale shed and a coal shed. Three box-cars were at the time standing on said stub switch extending to the property line at said street. Appellee when in the center of the street and approaching said tracks, and when 100 feet east thereof, by looking to the south could have seen appellant's main track twenty-four and one-half feet south of the center of Willard street, and when twenty-five feet east he could have seen to the south forty-nine and one-half feet. He was and had been for many years familiar with said crossing, the running of trains on said road, and the buildings and surroundings in the vicinity of said crossing. He approached said main track from a point thirty feet east thereof, driving slowly just south of the center of Willard street. Willard street is forty-five feet wide, and Liberty street runs north and south east of the building of said Indiana Bridge Works. Appellee when approaching said track stopped, looked and listened for approaching cars. He was injured by being thrown from his said vehicle because his horse became frightened by box-cars on said railroad track approaching said street from the south. There was no brakeman nor other employe of appellant on the top or front of said approaching car, and no signal nor warning was given of the approach of said car to the crossing. By looking south appellee, when twenty-seven feet east of said main track, could have seen the approaching car that frightened his horse. Said horse

was gentle, and was three feet east of said main track when he became frightened, and caused the accident that resulted in appellant's injuries, for which this suit was brought. Said cut of cars, that frightened appellee's horse, was moving at the rate of six miles an hour, and appellee was driving at the rate of three miles an hour. The damages allowed include a sum for an operation for fistula or abscess, and an amount for pain and suffering and loss of earning capacity caused by said fistula or abscess. Appellee received no injuries as a result of said accident except those in the small of the back, on the right arm and shoulder, and a bruise on the right leg.

The answers to the interrogatories indicate the general character of the charge in the complaint. Error in overruling the demurrer thereto is assigned, but the question is waived by failure to present any points, argument or authority to sustain such assignment.

1. 

It is asserted that the answers to the interrogatories are in irreconcilable conflict with the general verdict, and this contention centers mainly around one finding, which appellant states as follows: "The ultimate fact as found in answer to interrogatory forty-four, that if Thomas C. Oland had looked as he approached the crossing, where he was injured, he could have seen the train at which his horse became frightened when twenty-seven feet from defendant's main track, overthrows the general verdict, and is sufficient to defeat a recovery."

2. 

The answers also show that appellee's horse was within three feet of the main track when the cut of cars passed it going north at the rate of six miles an hour. Deducting from the twenty-seven feet the three feet, and allowing for the distance from the front feet of the horse back to appellee's position in his vehicle, it is apparent that appellee advanced some twelve or fourteen feet after he reached a point where it was possible for him to see the cars that

frightened his horse, before the horse turned and he was thrown out and injured.

A simple calculation demonstrates that a very short period of time intervened between the moment when it was first possible for him to see the cars and the time when the horse was frightened by the sudden appearance of the cut of cars.

While it was his duty to use reasonable care for his own safety, it was his duty to look for cars from the north as well as from the south.

The jury found that appellee stopped, looked and listened, and from a point thirty feet east of the main track drove in a walk at the rate of three miles an hour; that there was no brakeman or other employe on said cut of cars, and no warning of its approach was given. The complaint avers that appellee drove slowly, and with due care and diligence looked and listened for approaching trains and cars, and neither saw nor heard any; that he looked up and down the track as far as he could see, and listened for the sound of a whistle or a bell, or some other warning, but neither saw nor heard anything to warn him of the approach of said cars; that he looked and listened from the time he was 100 feet from said main track continuously up to the time his horse was up to said track; that appellant carelessly and negligently, without warning of any kind, ran said cars upon said main track from behind said freight-cars, at a high and dangerous rate of speed, just as appellee's horse was entering upon the track.

It is not denied that appellant's negligence is sufficiently alleged, as well as found by the jury, to warrant a recovery, but we are asked to declare as a matter of law that the facts established by the answers to the interrogatories show appellee to have been guilty of contributory negligence.

This brings us to the question, Did appellee use the care and caution of an ordinarily prudent man, under similar conditions, to avoid injury? If the facts showing his want of care are in irreconcilable conflict with the

general verdict, and are of such a character that but one conclusion can be drawn therefrom, viz., that he was guilty of negligence proximately contributing to his alleged injury, then we must declare, as a matter of law, that he was guilty of such negligence.

If the facts established by the answers to the interrogatories on the question of appellee's alleged contributory negligence may be reconciled with the general verdict, and do not conclusively show that he failed to exercise the care that an ordinarily prudent and cautious individual would use under similar conditions, then such negligence cannot be declared as a matter of law, and the finding of the jury on the question should not be disturbed.

Where the answers to the interrogatories do not clearly overcome the general verdict, or the question depends largely upon close calculations of time or distance, and the margin of difference is narrow, it is generally held to be correct practice, and more consistent with our system of jurisprudence, to submit the questions of fact to the jury and to abide by its decision. *Cleveland, etc., R. Co.* v. *Penketh* (1901), 27 Ind. App. 210, 215; *Pittsburgh, etc., R. Co.* v. *McNeil* (1904), 34 Ind. App. 310, 317.

The general verdict is overcome by the special answers only when such answers exclude every reasonable hypothesis consistent with the verdict which might have been proved under the issues. *Baltimore, etc., R. Co.* v. *Rosborough* (1907), 40 Ind. App. 14, 19; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690, 697.

In the case of *Cleveland, etc., R. Co.* v. *Penketh, supra,* this court quoted approvingly on page 215 from the case of *Indianapolis, etc., R. Co.* v. *McLin* (1882), 82 Ind. 435, as follows: "Everything indicated the absence of danger. He had a right to know, for such is the law, that it was quite as much the duty of the appellant to give timely warning of the approach of its cars to the crossing as it was his duty to listen for such warning. He listened,

but there was no warning; he looked but no train or danger could be seen.    This was all the law, under the circumstances, required.    While it is true that the failure of the appellant to give warning did not relieve the appellee's son from exercising care to avoid injury, yet the absence of such warning is a circumstance to be taken into consideration in determining whether he did exercise the degree of care required or not.''    See, also, *Malott* v. *Hawkins* (1902), 159 Ind. 127, and cases cited; *Baltimore, etc., R. Co.* v. *Rosborough, supra.*

The foregoing proposition has peculiar force when applied to the facts of the case at bar, for appellee did not enter upon the track, but was approaching it when the cars passed suddenly in front of his horse.    It is therefore apparent that any reasonable warning of the approach of the cut of cars, in all probability, would have enabled appellee to control his horse and avoid the injury.

The fact that when appellee was twenty-five feet from appellant's main track he could see forty-nine and one-half feet south of the center of Willard street, and the further fact that he was within twenty-seven feet of said main track before he could see the cars that frightened his horse, show a condition from which the jury might reasonably have found that when it first became possible for appellee to see the approaching cars, by the exercise of due care on his part, he was already in a place of danger, and that without advancing at all his horse might have become frightened as alleged, and appellant's negligence have been the proximate cause of the alleged injury.

The presence of appellant's cars on the side-track made a condition that rendered a reasonably safe crossing extremely dangerous to persons approaching from the east, and therefore required care on the part of appellant, in handling its cars at that crossing, proportionate to the increased hazard thus created while such conditions continued.    Appellee

came into this dangerous situation free from negligence, so far as shown by the special or general verdict. The fact that he may have advanced a short distance while in such place of danger does not so conclusively show him to be guilty of contributory negligence as to enable us so to declare as a matter of law. The question was one for the jury, and its decision cannot be disturbed on the facts established by the special verdict.

The court did not, therefore, err in overruling appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict.

For reasons already stated, appellant's contention, that a new trial should have been granted on the grounds that it affirmatively appears from the evidence that appellee's negligence contributed to his injury, cannot be sustained. The question was properly submitted to the jury, and there is some evidence to support the material averments.

It is further contended that the court erred in admitting evidence of injuries other than those described in the complaint. It is alleged that appellee was "greatly and 6. severely bruised and injured, his right leg between the knee and ankle was injured and bruised, the bones, muscles, tissues and ligaments thereof were injured, strained and bruised and the ligaments were torn and broken, his back, right hip and body were injured and bruised, * * * and he suffered and received a severe shock and jolt, and a condition of piles, with which he was afflicted, was greatly aggravated."

The evidence admitted, to which objection was made, related to a fistula and an operation to remove it, and it is contended that there is no allegation of an injury from which a fistula would naturally result. We think the allegations of the complaint are sufficient to warrant the admission of such testimony. *Ohio, etc., R. Co.* v. *Hecht* (1888), 115 Ind. 443; *Lake Lighting Co.* v. *Lewis* (1902), 29 Ind. App.

164, 170; *Terre Haute, etc., R. Co.* v. *Pritchard* (1906), 37 Ind. App. 420, 424; *City of Connersville* v. *Snider* (1903); 31 Ind. App. 218, 220.

Since the testimony was properly admitted, the jury had the right to consider it in assessing the damages, 7. and, if liable at all, the size of the verdict cannot consistently be criticized by appellant.

The trial court did not err in overruling the motion for a new trial.

There is no reversible error shown by the record.

Judgment affirmed.