Indiana Union Traction Co. *v.* Cauldwell—59 Ind. App. 513.

## Indiana Union Traction Company *v.* Cauldwell.

[No. 8,428. Filed February 12, 1915. Rehearing denied May 26, 1915. Transfer denied October 8, 1915.]

1.  New Trial.—*Grounds.*—That the verdict of the jury is contrary to the evidence is not ground for a new trial. p. 515.
2.  Appeal.—*Waiver of Error.*—*Briefs.*—Alleged error in overruling a motion for new trial is waived as to causes therein assigned which are not supported by any point or proposition in appellant's brief. p. 515.
3.  Street Railroads.—*Crossing Accidents.*—*Negligence.*—*Presumptions.*—*Instructions.*—Where a traveler is injured by a car at a public street crossing there is no presumption, in the absence of evidence, either for or against negligence, and the rule applicable to the crossings of steam roads generally is not applicable to an interurban road at a crossing in an incorporated town; hence, in an action against an interurban railroad company, an instruction stating the reverse of such propositions, and susceptible to the interpretation that plaintiff was guilty of contributory negligence as a matter of law if he did not see the car that struck him in time to avoid the injury, was properly refused. p. 515.
4.  Street Railroads.—*Crossing Accidents.*—*Instructions.*—In an action for injuries sustained in colliding with an interurban car at a street crossing, an instruction that if it was found that plaintiff attempted to cross the track in front of defendant's car, and that prior to such attempt, if any, he saw the car approaching, the mere fact that at the time of his attempt to cross he could see it approaching would not in itself establish contributory negligence, and that in order to establish contributory negligence the car must have been approaching in such close proximity to plaintiff, that taking into account the rate of speed allowed by ordinance, if there was such ordinance in force, and under the then present condition of the apparent rate of speed, a reasonably prudent man would not attempt to cross the track, was not objectionable on

the ground that it in effect states that plaintiff could cross in front of a rapidly approaching car with impunity disregarding the evidence of his senses that the car was going so rapidly that it would inevitably hit him if he tried to cross, although it is not to be unqualifiedly approved and may be subject to other objections not raised. p. 516.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by William Cauldwell against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*M. A. Chipman, Kane & Kane* and *James A. Van Osdol,* for appellant.

· *Hanna & Dailey,* for appellee.

Felt, J.—This is an appeal from a judgment in damages for personal injuries received by appellee in a collision between one of appellant's cars and appellee's horse and buggy, which was being driven by him at a street crossing in the town of Fortville, Indiana. Appellant assigns as error the overruling of its demurrer to appellee's complaint and the overruling of its motion for a new trial.

The complaint is in one paragraph. The only objection pointed out by the memorandum accompanying the demurrer is that it "does not show that the defendant owed a duty to protect the plaintiff from injury, or that the injury to plaintiff resulted by reason of the failure of the defendant to perform any duty it owed to the plaintiff." The complaint charges in substance that the town of Fortville is incorporated; that the injury occurred at a street crossing within the corporate limits of the town; that an ordinance, which is set out in the complaint was in force limiting the rate of speed of any interurban car to six miles per hour; that appellant by its servants carelessly and negligently ran one of its cars at a high and dangerous rate of speed to wit, twenty-five or thirty miles per hour in violation of the ordinance and "carelessly, negligently and wrongfully" ran its car "into, upon, and against the buggy in which plain-

tiff was riding * * * pushing, rolling and dragging plaintiff * * * for a distance of one hundred feet.'' That as a result of said collision appellee was greatly bruised, and injured; that his injuries were received as the proximate result of said negligent acts of defendant's servants while acting in the scope of their employment, and without fault or negligence on the part of appellee. The complaint is not open to the objection urged against it and the demurrer was therefore properly overruled.

Four alleged grounds for new trial are set out in appellant's briefs as follows: (1) the verdict of the jury is contrary to law; (2) the verdict of the jury is contrary to the evidence; (3) the court erred in refusing to give instruction No. 9 requested by appellant; and (4) the court erred in giving instruction No. 24 of its own motion. The second alleged ground is not a cause for a new trial. *Jennings* v. *Ingle* (1905), 35 Ind. App. 153, 155, 73 N. E. 945. Appellant has stated no point or proposition relating to either the first or second cause for a new trial, and any error relating thereto is therefore waived. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 627, 103 N. E. 652.

The court refused to give instruction No. 9 requested by appellant. The refused instruction in effect told the jury there was a presumption of negligence against appellee arising from the collision, and it also applied the rule to an interurban road at the crossing in an incorporated town, that is applicable to the crossings of steam roads generally, whereas the rule in all its strictness is not applicable to such crossings. The instruction was also liable to be so interpreted by the jury as to mean that appellee was guilty of contributory negligence as a matter of law if he did not see the car that struck him in time to avoid the collision. ''If a traveler is injured at a railway crossing, there is no presumption, in the absence of evidence, either for or against negligence. The traveler is not aided

by a presumption of freedom from fault, nor the railway by a presumption of contributory negligence." *Grand Trunk, etc., R. Co.* v. *Reynolds* (1911), 175 Ind. 161, 171, 92 N. E. 733, 93 N. E. 850. The court did not err in refusing the instruction. *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 668, 95 N. E. 275; *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202, 206, 71 N. E. 663, 72 N. E. 478; *Brooks* v. *Muncie, etc., R. Co.* (1911), 176 Ind. 298, 304, 95 N. E. 1066; *Virgin* v. *Lake Erie, etc., R. Co.* (1915), 55 Ind. App. 216, 101 N. E. 500, and cases cited. Furthermore, in so far as the instruction refused embodied a correct principle of law, applicable to the case, it was substantially covered by instruction No. 15, given by the court on its own motion.

Instruction No. 24, objected to is as follows: "If you find from the evidence that plaintiff at the place in question attempted to cross the track of the defendant in front of defendant's interurban car as it approached from the southwest, and if you further find that prior to the time of such attempt to cross, if there was such attempt, plaintiff saw said interurban car approaching on said track, then I instruct you that the mere fact that plaintiff at the time of his attempt to cross, could see said interurban car approaching on said track does not in itself establish his contributory negligence. In order to establish such contributory negligence the said interurban car must not only have been approaching plaintiff, but it must have been approaching and in such close proximity, that taking into account the rate of speed as allowed by said ordinance heretofore referred to, if you find there was such ordinance in force for such places and under the then present condition of the apparent rate of speed at which the said interurban car was traveling, a reasonably prudent man would not attempt to cross the track." Appellant objects to this instruction on the ground that "it tells the jury that plaintiff could cross in front of a rapidly approaching car with impunity disregarding the evidence of his senses that the car was going

so rapidly it would inevitably hit him if he tried to cross and that he could recover even if he could have avoided it by stopping because the car was running faster than specified in the ordinance.'' The instruction is not well worded and could have been made more explicit and complete. No objection is made as to its incompleteness, nor was a more complete instruction on the subject tendered. It may possibly be subject to the criticism that the jury might understand from it that appellee could rely on the provisions of the ordinance after he had knowledge that the car was approaching at a rate of speed in excess of that authorized by the ordinance, but no objection of this kind is urged. Without giving an unqualified approval to the instruction, we hold that it is not subject to the objections urged against it and that it substantially states the law correctly as applied to the issues and facts of the case, and that appellant was not harmed by it. In the absence of any notice or knowledge that the car was being run at an unlawful rate of speed, appellee, while exercising reasonable and ordinary care for his own safety, could rely on the servants of appellant in charge of the car, running the same at a rate of speed authorized by the ordinance. *Louisville, etc., Traction Co.* v. *Lottich* (1915), *ante* 426, 106 N. E. 903; *Virgin* v. *Lake Erie, etc., R. Co., supra.* Finding no available error, the judgment is affirmed.

Note.—Reported in 107 N. E. 705. As to the right, duties and obligations of street railroad companies with regard to streets, see 25 Am. St. 475. As to injuries by street car collisions with vehicles or horses, see 25 L. R. A. 508. Operation of street railway cars in violation of municipal ordinance as negligence *per se*, see 9 Ann. Cas. 840; Ann. Cas. 1913 E 1100. See, also, under (1) 29 Cyc. 820; (2) 36 Cyc. 1533, 1535, 1584, 1641; (3) 36 Cyc. 1641.