INDIANAPOLIS AND CINCINNATI TRACTION COMPANY *v.* HELMS, ADMINISTRATRIX.

[No. 9,618. Filed December 18, 1918. Rehearing denied May 9, 1919.]

1. CARRIERS. — *Injuries to Prospective Passenger.* — *Doctrine of Assumed Risk.* — *Applicability.* — *Contributory Negligence.* — In an action against a carrier for the death of a prospective passenger, who was struck at a street crossing by one of defendant's inter-

urban cars, the doctrine of assumed risk has no bearing, although the facts which might lead to its invocation in an action between master and servant may affect the issue of contributory negligence. p. 142.

2. APPEAL.—*Review.—Overruling Demurrer.—Scope of Review.— Statute.*—Where the issue of contributory negligence is not mentioned in memorandum accompanying the demurrer to the complaint, it need not, under the terms of §344 Burns 1914, Acts 1911 p. 415, be considered in passing upon the sufficiency of the pleading. p. 142.

3. NEGLIGENCE.—*Contributory Negligence.—Questions for Jury.*— While every person must use due care for his own safety when exposed to danger, and his failure to do so, or his conduct in negligently subjecting himself to peril, will ordinarily defeat a recovery for resultant injuries, yet, unless his conduct is so clearly marked by a failure to use proper care for his own safety that all reasonable minds will agree as to his imprudence, the question of contributory negligence must be submitted to the jury to be determined as an issue of fact. p. 143.

4. CARRIERS.—*Injuries to Prospective Passenger.—Contributory Negligence.—Municipal Ordinance.—Assuming Compliance.*—One waiting at a street intersection to board defendant's interurban car as a passenger had the right to assume that such car would obey a municipal ordinance requiring it to stop in response to the customary signals, and his further conduct in attempting to cross the track ahead of the approaching car must be considered in the light of such assumption. p. 143.

5. APPEAL.—*Review.—Verdict.—Evidence.—Sufficiency.*—In an action for wrongful death, where the sufficiency of a paragraph of complaint based on the last clear chance doctrine was not seriously challenged, and there was evidence to sustain its allegations, the verdict for plaintiff must be upheld as against defendant's contention that decedent's injury was proximately caused by his own negligence, there being evidence tending to sustain each of the other paragraphs of the complaint. p. 144.

6. APPEAL.—*Review.—Refusal of Instructions.*—It is not reversible error to refuse requested instructions which, in so far as they properly state the law, are covered by other instructions given. p. 144.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by Alice Helms, administratrix of the estate of Charles Helms, deceased, against the Indianapolis

and Cincinnati Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Joseph R. Morgan, Kittenger & Diven* and *Albert S. Diven,* for appellant.

*Wilson & Wilson,* for appellee.

HOTTEL, J.—Appellee, as administratrix of the estate of her deceased husband, Charles Helms, instituted this action to recover damages for his alleged wrongful death as the result of being struck by one of appellant's interurban cars. She recovered a judgment in the trial court, and, on this appeal therefrom, appellant assigns error in the overruling of its demurrer to each of appellee's three paragraphs of complaint and in overruling its motion for a new trial.

The first paragraph of complaint alleges in substance that on the day of decedent's injury and death appellant was operating an interurban line between the cities of Shelbyville and Indianapolis, which entered the latter city through the southeastern portion thereof and passed over and along Prospect street in said city in an easterly and westerly direction; that said Prospect street is intersected by Earhart street, which passes north and south through said portion of Indianapolis, and at said intersection appellant, on the day in question and long prior thereto, maintained a regular stopping place for the reception and discharge of passengers; that on the morning of his injury, at an early hour, appellee's decedent went from his home toward the intersection of Prospect and Earhart streets for the purpose of becoming a passenger on one of appellant's cars which was inbound toward the city of Indianapolis; that said car was slightly ahead of time, and when said Charles

140 APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Helms, Admx.—70 Ind. App. 137.

Helms got to the south side of Prospect street, immediately across the tracks from the regular stopping place of said inbound car, and across the tracks from the regular and proper spot from which to board said car, said car was approaching from the east, but still about 200 feet away; that it was before daylight and dark; that a man was standing in the middle of the inbound track at the regular stopping place striking matches and holding them up in order to signal said car to stop; "that such method was the customary and proper method of signaling said car to stop during the season of the year when it was still dark at that hour; that defendant had no regular lighting appliance for the purpose of signaling said car; that it had long been the custom for said car to be signaled by lighted matches, which facts plaintiff's decedent and defendant well knew; that said Charles Helms saw the man signaling said car to stop and supposed it would stop at its regular stopping place as usual, and started to walk across said tracks to the north side thereof for the purpose of boarding said car when it did stop; that he started to walk across the inbound track immediately west of the place where the car was accustomed to come to a full stop; that from his position he could not tell the rate of speed at which said car was running. "That said stopping place is within the corporate limits of Indianapolis; that one of the express conditions of the city ordinance under authority of which defendant company is operating cars in the city of Indianapolis, and which ordinance constitutes a written contract between defendant and said city of Indianapolis, and did on all times herein mentioned, is condition number one which reads in part as follows:

NOVEMBER TERM, 1918. 141

Indianapolis, etc., Traction Co. *v.* Helms, Admx.—70 Ind. App. 137.

" 'That after entering the city of Indianapolis, all regular passenger cars of said company, party of the second part, shall stop at all intersecting streets on signal from waiting passengers, or passengers on such cars desiring to leave the same, and shall take on and carry all passengers desiring to take passage on any such cars for the purpose of being transported between different points on the line from which said cars are operated in said city.'

"That said condition is section 2216 of the laws and ordinances of the city of Indianapolis, Revision of 1904. That defendant's motorman operating said car negligently approached said stopping place at a high and unlawful rate of speed, to wit, twenty-five miles an hour, and negligently and carelessly failed to watch for and see the above described signals for stopping the car, or, if he did see them, negligently disregarded them and negligently and carelessly and unlawfully ran said car at the rate of twenty-five miles an hour past said stopping place; that said car struck said Charles Helms immediately west of said stopping place as he was crossing said track as above described and killed him instantly through no fault of his own, and while he was using due care in crossing said tracks."

The second paragraph of complaint contains substantially the same averments as above, with the further allegation: "That said Charles Helms saw the man signaling said car to stop and supposed it would stop at its regular stopping place as usual and started to walk across said tracks to the north side thereof for the purpose of boarding said car when it did stop; that just before he reached the south or outbound track one of defendant's outbound cars passed going

142          APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Helms, Admx.—70 Ind. App. 137.

east and as he proceeded to cross the south-bound track said outbound car obstructed his view of both tracks to the east and temporarily made it impossible for him to see said car approaching from the east; that he had started to cross the tracks at a point west of the regular stopping place and at a point safe for him to cross had the car stopped in response to the signals; that from his position, when he last saw the approaching car, he was not able to judge the rate of speed at which it was approaching.''

The third paragraph of complaint does not differ materially from the second in its allegations of fact, except in so far as it alleges that Helms crossed the south track in front of the outbound car and then found himself placed in a position of danger on the inbound track on account of appellant's negligence as above set forth. The evident theory of this paragraph is that appellant had the last clear chance to avoid the injury.

In its attack on the complaint appellant contends in substance that the facts therein alleged serve to

1. show that appellee's decedent assumed the risk of his injury and was guilty of contributory negligence, and fail to show any negligence on the part of appellant in the operation of its

2. car. The doctrine of assumed risks has no bearing on actions of this character, although the facts which might lead to its invocation in an action between master and servant may, in other cases, affect the issue of contributory negligence. The latter issue, however, is not mentioned in the memorandum filed with appellant's demurrer to the complaint, and, under §344 Burns 1914, Acts 1911 p. 415, it need not be considered in passing on the sufficiency

of the pleading. In substance, however, the same question is presented by appellant's contention that the evidence does not sustain the verdict of the jury, on the theory that decedent's injury was the proximate result of his own negligence in attempting to cross the track in front of the moving car, and we will proceed to its consideration under that assignment.

3. It is true that every person must use due care for his own safety when exposed to danger, and his failure to use such care, or his own conduct in negligently subjecting himself to peril, will ordinarily defeat a recovery for resultant injuries, but, unless his conduct is so clearly marked by a failure to use proper care for his own safety that all reasonable minds will agree as to his imprudence, the question of contributory negligence on the part of the injured person must be submitted to the jury in every instance, to be determined as an issue of fact. *Indiana Union Traction Co. v. Cauldwell* (1915), 59 Ind. App. 513, 516, 107 N. E. 705; *Lake Erie, etc., R. Co. v. Oland* (1912), 49 Ind. App. 494, 499, 97 N. E. 543.

It is the theory of appellee's complaint, at least of the first two paragraphs, that Helms was justified in assuming that appellant's car would obey the 4. municipal ordinance which required it to stop in response to the customary signals, and that he would incur no danger in crossing the tracks west of the stopping place. Decedent's right to act on that assumption is sustained by the authorities, and his further conduct is to be considered in the light thereof. *Indianapolis Traction, etc., Co. v. Hensley* (1917), 186 Ind. 479, 115 N. E. 934, 939; *Indiana Union Traction Co. v. Cauldwell, supra*, 516.

144 · APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Helms, Admx.—70 Ind. App. 137.

The third paragraph impliedly admits antecedent negligence on the part of the injured man, but charges in substance that appellant's employes might thereafter have averted the accident but for their negligent and continued operation of the car at an unlawful rate of speed and in violation of the municipal ordinance. The sufficiency of the third paragraph of complaint, on this theory, is not seriously challenged, and there is evidence from which the jury might have concluded that its allegations are well founded. Similarly, there is evidence which tends to sustain each of the other paragraphs, and, in that view of the record, the verdict of the jury must be upheld. Our conclusions relative to the evidence are sufficient also to dispose of appellant's contentions with reference to the demurrers to the complaint.

The remaining questions relate to the giving of appellee's instructions Nos. 9, 10 and 11, and to the refusal of appellant's tendered instructions Nos. 1, 3, 4, 5, 6, 7 and 8. In the preparation of its brief appellant has failed to set out any of the twenty-eight instructions given to the jury, except the three to which objection is urged, but an examination of the record discloses that the instructions tendered by appellant, in so far as they properly state the law, were covered by other instructions given.

Appellee's instructions Nos. 9, 10 and 11 are not subjected to specific criticism, and we see nothing which sustains appellant's general assertion that they contain error.

Judgment affirmed.