## CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY *v.* HIX.

[No. 13,924.  Filed December 9, 1930.]

*Kessinger & Hill,* for appellant.

*Lee F. Bays, John C. Chaney* and *Horace Foncannon,* for appellee.

NEAL, J.—Appellee instituted this action to recover damages of appellant by reason of its alleged negligence. This appeal is only concerned with one of the assigned errors: the overruling of appellant's motion for a new trial, and the two causes named therein, viz., the verdict of the jury is not sustained by sufficient evidence, and the verdict is contrary to law.

The complaint alleged that appellant in the operation of its train violated the provisions of Acts 1881 (Spec. Sess.) p. 590, §13038 Burns 1926, in that the servants of appellant did not, when the engine was not less than 80 nor more than 100 yards from the crossing where the accident took place as hereinafter described, sound the whistle distinctly three times and ring the bell continuously from the sounding of such whistle until the engine fully passed over the crossing.

A review of the evidence discloses that the allegations of negligence were proved by competent evidence. The violation of the provisions of the above section of the statute by appellant was negligence *per se,* and if such negligence was the proximate cause of appellee's injuries, appellee was entitled to recover. *Pittsburgh, etc., R. Co.* v. *Terrell* (1911), 177 Ind. 447, 95 N. E. 1109, 42 L. R. A. (N. S.) 367.

Appellant admits the above rule of law is applicable to the evidence favorable to appellee, although there was sharp conflict in the testimony of the several witnesses on the alleged negligence.

Appellant, however, most earnestly insists that this court say, as a matter of law, under the facts of this case, that the appellee was guilty of contributory negligence and that such negligence proximately contributed to his injuries.

We give a resume of the evidence favorable to appellee upon the question of his contributory negligence: Chaney Street in the city of Sullivan runs east and west;

appellant's railroad for some distance at the point of its intersection with Chaney Street runs north and south; the first house east of the intersection and on the north side of the street is approximately 100 feet from the crossing, the second house 172 feet distant; a large maple tree is located six to eight feet west of the first house and near the north line of the street; six poplar trees are in a row about 50 feet from the crossing almost in line with the maple trees, and there is a large sycamore tree near appellant's right of way at the intersection with Chaney Street on the north side thereof; several other trees are located between the first house and the intersection, but farther from the north line of the street than these first mentioned; the branches of most of the trees were 10 feet from the ground, and not all of the leaves were off the trees at the time of the accident, to wit:   November 21, 1927; farther north and behind the trees was a three-year-old peach orchard, and, on and near the east side of appellant's right of way, immediately north of its intersection with Chaney Street, there was vegetation consisting of sweet clover and horse weeds; the surface water flowing west on the north side of Chaney Street had caused large crevices in the ground near the intersection; the approach to the intersection from the east was on an incline which started about 70 feet east of the railroad tracks; the railroad tracks were on a grade approximately eight feet higher than the street level at several places within the 70 feet; the height of the railroad grade prevented one traveling in an automobile going west on Chaney Street east of the intersection from observing an automobile traveling east on the west side of the intersection.

Appellee, driver of a school bus, seated on the left side of the cab, with windows in the cab on his right, approached the intersection, from the east.   When he came to the foot of the incline, he stopped his bus and threw

his motor into low gear and looked to the north toward the railroad track; he did not see nor hear a train approaching; he then moved his bus about half of the incline and looked to the south and saw no train; when the bus was almost up to the track, he looked north, saw the train, stopped, and attempted to throw his motor in reverse; the train struck the bus and threw it over to the side of the road, severely injuring appellee. One witness gave evidence to the effect that in the daytime a person could not see behind the trees from the approach to the Chaney Street crossing because of the vegetation, sweet clover and horse weeds, which were high enough to obstruct the view to the north of the approach to the crossing. Several witnesses gave evidence that no whistle was blown or bell ringing. The train was not traveling fast, approximately 10 miles per hour.

It is quite true, as contended by counsel for appellant, that there is evidence that appellee's view was unobstructed to the north as he approached the crossing.

In this case, there is evidence that the appellee did look and listen before attempting to cross the railroad track. It is not for this court to say, as a matter of law, whether he looked exactly at the right moment or in each direction in proper succession, or from the place most likely to afford information, that being peculiarly within the province of the jury. *Cleveland, etc., R. Co.* v. *Lynn* (1911), 177 Ind. 311, 95 N. E. 577, 98 N. E. 67; *Greany* v. *Long Island R. Co.* (1886), 101 N. Y. 419, 5 N. E. 425; *Chesapeake & Ohio R. Co.* v. *Waid* (1928), 25 Fed. (2d) 366.

In *Malott* v. *Hawkins* (1902), 159 Ind. 127, 63 N. E. 308, the Supreme Court said: "The omission to give signals may, therefore, be an element in determining the question of contributory negligence."

And again in *Lake Erie, etc., R. Co.* v. *Oland* (1912), 49 Ind. App. 494, 97 N. E. 543, this court said: "While

it is true that the failure of the appellant to give warning did not relieve the appellee's son from exercising care to avoid injury, yet the absence of such warning is a circumstance to be taken into consideration in determining whether he did exercise the degree of care required or not."

Appellant says the facts in the instant case are analogous to the case of *Baltimore, etc., R. Co.* v. *Goodman* (1927), 275 U. S. 66, 48 Sup. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, and that we should hold as the Supreme Court of the United States held: That the evidence established contributory negligence as a matter of law. We do not believe it would serve any good purpose to detail the facts in the Goodman case. Suffice it to say that it does not appear from the facts as detailed by Justice Holmes in the Goodman case that the railroad company was guilty of negligence *per se;* or that the injured party stopped, looked and listened as was done in the instant case.

The burden of establishing contributory negligence rested upon appellant and as the evidence, as a whole, presents a state of facts such that reasonable men might fairly differ upon the question of contributory negligence of the appellee, the determination of that question was properly presented to the jury. *Kingan & Co.* v. *Gleason* (1913), 55 Ind. App. 684, 101 N. E. 1027; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, 73 N. E. 816.

Judgment affirmed.