The Louisville, New Albany, etc., Railway Co. *v.* Shanks, by Next Friend.

No. 14,915.

The Louisville, New Albany and Chicago Railway Company *v.* Shanks, by Next Friend.

Instructions to Jury.—*Pleadings.—Variance.—Reversible Error.*—Where there *is* not such a variance between the facts alleged in a cause of action and those enumerated in an instruction as to actually mislead the adverse party, the giving of the instruction is not reversible error.

Same.—*Refusal to Give.—When Not Error.*—A refusal to give an instruction which is not in terms correct is not error.

Parent and Child.—*Contributory Negligence.*—Parents of children of tender years must use care proportionate to known dangers, or dangers that might be known by the exercise of ordinary diligence.

Interrogatories to Jury.—*Motion to Recommit.—How Brought into the Record.—Appeal.*—A motion to recommit interrogatories to a jury for more specific answers must be brought into the record by transcription, and not by mere recitals of the clerk, or it can not be considered on appeal.

From the Jackson Circuit Court.

*E. C. Field* and *C. C. Matson,* for appellant.

*M. F. Dunn* and *G. G. Dunn,* for appellee.

Elliott, J.—The plaintiff alleges, in her complaint, that the appellant is the owner of a large baggage truck, and that it is so constructed that when improperly or carelessly loaded it becomes top heavy and will easily fall over; that on the 12th day of June, 1881, the appellant loaded the truck with heavy trunks, boxes and bolts of iron; that the truck so loaded was placed at a point where it obstructed a public sidewalk of the town of Mitchell; that persons were compelled to pass the truck in order to go to and from the principal part of the town; that the truck could not be passed without taking hold of the same, as it extended entirely across the path at a place where there was "a step from the walk below up to the platform on which the truck was standing"; that the plaintiff was on the day named seven years of age, and that while passing along the sidewalk without fault or negligence on her part the truck with its load fell

upon her; that the defendant carelessly and negligently over-loaded the truck so as to render it top heavy and dangerous.

One of the positions assumed by appellant's counsel is that the trial court erred in refusing an instruction defining the issue tendered by the complaint, and in giving the following instruction:

" If you find from the evidence in this case that a truck was carelessly and heavily loaded by another company and brought to the servants of the defendant, and was by such other company placed near to or partly across a public pass-way or sidewalk, and was in that condition and situation de-livered to and received by the employes of this defendant, and after they had received it and assumed control they *permitted* the same to remain in the same condition and situation, and the plaintiff passing along said street or highway by touch-ing said truck caused the same to fall upon her and injure her, then the *defendant* is liable to the plaintiff."

The argument in support of the position assumed is that the complaint charges that the defendant loaded and placed the truck at the dangerous point, while the instruction di-rects the jury that there may be a recovery, although the de-fendant did nothing more than receive the truck after it had been loaded and placed in position, and that the effect of this instruction is to inform the jury that there may be a recov-ery upon a cause of action different from that stated in the complaint. We are strongly inclined to the opinion that if the defendant did receive and assume control of the truck and permitted it to remain where the corporation by which it was loaded, placed it, there was such a ratification and adoption as made the act that of the defendant. Principles of general application seem to warrant this conclusion, but it is not here necessary to decide that there was such a ratifi-cation or adoption as made the act of the first wrongdoer that of the party who assumed control of the truck and made no effort to remove the danger. It is our judgment that there is, at all events, no such variance between the facts pleaded

as the cause of action and those enumerated in the instruction, as entitles the appellant to a reversal. The occurrence referred to by the pleadings and evidence could not have been mistaken by the appellant, neither could there be doubt that only one occurrence was referred to, nor can there be doubt as to the essential features of that one occurrence, so that the appellant could not have been misled to its actual prejudice, and it is only where a party is actually misled that this court can rightfully reverse a judgment because of an alleged variance. So the statute provides and so the authorities declare, section 391, R. S. 1881. Authorities in Elliott's Appellate Procedure, sections 610, 611, *Graves* v. *State*, 121 Ind. 357, and authorities stated. We do not regard the refusal of the court to give the instruction assuming to define what constitutes contributory negligence as prejudicial error for these reasons: In so far as the instruction is in terms correct it is embraced in instructions given by the court, and it is not in its terms entirely correct.

We do not deem it necessary to notice the error in the instruction refused in detail, for we deem it sufficient to direct attention to one material statement, and that is the statement which informs the jury that the care of the " parents should be in proportion to the danger to be avoided, and the fatal consequences involved in its neglect." This statement is too broad. Parents of children of tender years must use care proportioned to known dangers, or dangers that might be known by the exercise of ordinary diligence and prudence; but parents are not bound to guard their children against unknown dangers, or dangers that ordinary diligence and prudence would not make it their duty to know. The words, " and the fatal consequences involved in its neglect," adds an element to the duty of the parent which the law does not impose upon them. It is well settled that it is not error to refuse an instruction where it is not in terms correct. See authorities cited Elliott's Appellate Procedure, section 735.

The appellant asserts that the court erred in denying its

motion to require the jury to make more definite answers to interrogatories, but there is no such motion in the record, although the clerk recites that such a motion was filed. The recitals of the clerk can not, as has been many times decided, be regarded as part of the record, but the papers or motions must be brought into the record by transcription. Under the rule declared in many analogous cases, it would seem that a motion to recommit interrogatories to a jury for more specific answers is a collateral motion, and can only be brought into the record by a bill of exceptions or special order of the court. But if it were granted that it may be brought in by the recitals of the clerk, it would not avail the appellant, for there is no such motion in the record, although the clerk recites that a written one was filed.

We can not disturb the verdict upon the evidence.

Judgment affirmed.

Filed Oct. 11, 1892.