# The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Nichols, Administrator.

[No. 7,726. Filed October 16, 1912. Rehearing denied February 11, 1913.]

1. Railroads.—*Crossing Accidents.—Complaint.—Sufficiency.* — A complaint to recover for the death of plaintiff's decedent in a crossing accident, alleging that as decedent approached the crossing he had an unobstructed view for half a mile to the east, and that, when fifty feet from the crossing, he looked to the east and saw no train approaching, that the view to the west was obstructed by freight cars on defendant's tracks, and that decedent was thereby required to keep a close watch to the west until he was upon defendant's right of way to ascertain if a train were approaching from that direction, and that on ascertaining that no train was approaching from the west, he attempted to cross, that the crossing was defective and was dangerous to cross without going slowly, that while he was on the crossing a train approached from the east at the rate of sixty miles per hour and without ringing a bell, in violation of city ordinances regulating the operation of trains through the city, and, though he made every effort to get out of its way, he was struck by such train and killed, sufficiently states a cause of action. p. 351.

2. Railroads. — *Crossing Accidents. — Complaint. — Contributory Negligence.*—Where the complaint, in an action against a railroad company, alleged that decedent, as he approached a crossing, was obliged to keep a close watch to the west, on account of obstructions, and that, relying on a previous look to the east which gave him a clear view for a distance of one-half mile and disclosed no approaching train, he traveled the last fifty feet of the approach without looking to the east, that the crossing was defective, making progress over the track slow, and that while he was on the crossing a train from the east approached the crossing without warning, and at an unlawful rate of speed, and killed decedent, it cannot be said, as a matter of law, that decedent was guilty of contributory negligence. p. 352.

3. Evidence.—*Judicial Notice.—Noise of Approaching Train.*—The court may take judicial notice of the fact that an approaching train will make some noise. p. 353.

4. Railroads.—*Crossing Accidents.—Care in Approaching Crossings.*—A person approaching a railroad crossing must use ordinary care to avoid injury, and whether ordinary care was used in a given case must be determined from a consideration of the

situation of the party at the time, his surroundings, and the apparent danger. p. 354.

5. *Negligence.—Contributory Negligence.—Jury Question.*—Where the facts are of a character to be reasonably subjected to more than one inference or conclusion, the ultimate fact of contributory negligence, or due care, should be determined by the jury. p. 354.

6. RAILROADS.— *Crossing Accidents.— Contributory Negligence.— Jury Question.*—Where decedent failed to stop his horse after he had reached a point within five feet of defendant's tracks, and from there look in both directions before attempting to cross, it is for the jury to determine from the evidence, under proper instructions, whether he was guilty of contributory negligence. p. 354.

7. APPEAL.—*Review.—Harmless Error.—Instructions.—Refusal.*— The refusal of requested instructions is not reversible error, where the instructions given were applicable to the issues and fully and fairly stated the law. p. 355.

8. RAILROADS.—*Crossing Accidents.—Evidence.—Verdict.—Conclusiveness.*—Where, in an action against a railroad company to recover for the death of plaintiff's decedent in a crossing accident, defended on the ground of contributory negligence, appellant's negligence and decedent's care were, under the evidence, controverted questions of fact, a verdict for plaintiff cannot be disturbed on the ground of insufficient evidence. p. 356.

From Marion Circuit Court (17,318) ; *Charles Remster,* Judge.

Action by Baxter G. Nichols, administrator of the estate of John A. Shewmon, deceased, against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John W. Kern, John J. Kelly, Leonard J. Hackney, Frank L. Littleton* and *W. F. Elliott,* for appellant.

*M. M. Bachelder,* for appellee.

FELT, J.—Suit by appellee to recover damages for the death of his decedent, John A. Shewmon, alleged to have been caused by appellant's negligence. Trial by a jury resulted in a verdict for appellee in the sum of $2,500. Appellant's motions for judgment on the special findings and

for a new trial were overruled, and this appeal taken from the judgment on the general verdict.

The first error assigned and relied on by appellant is that the trial court erred in overruling the demurrer to appellee's complaint. The complaint sets forth much detail and is lengthy, but, in substance, charges that about 3 o'clock on the afternoon of September 28, 1908, appellee's decedent, while driving a one-horse wagon along Keystone avenue in the city of Indianapolis, was struck and killed by one of appellant's trains at a point where appellant's railroad crosses said Keystone avenue; that as said decedent approached said crossing he had an unobstructed view of appellant's tracks for half a mile to the east of Keystone avenue; that he looked to the east when fifty feet from appellant's right of way, and saw no train approaching him from that direction; that when fifty feet south of said crossing he looked to the west to ascertain whether any cars or locomotives were approaching from that direction; that his view of appellant's tracks to the west from that point and until he got within five feet of said crossing was obstructed by freight cars standing on one of appellant's tracks; that decedent was obliged to and did keep close watch to the west, to determine whether any cars were approaching him from behind said obstructions, until he was upon appellant's right of way, when he ascertained that none was coming from that direction; that he relied on his previous view to the east and the fact that appellant would not violate the laws of the State or the ordinances of said city in the operation of its trains within the city limits; that appellant maintained its Keystone avenue crossing in an unlawful and negligent manner, in this: that it was not planked, that the space between the rails was not filled, and the rails protruded some six or eight inches above the level of the ground at said point of intersection, making it very dangerous and hard for one to cross

over said tracks without going very slowly; that at the time decedent attempted to cross said Keystone avenue crossing, appellant negligently, carelessly, unlawfully and wrongfully operated a passenger train on its said right of way from the east in the corporate limits of said city at a high rate of speed, to wit, sixty miles an hour; that decedent did not observe said train and did not know it was approaching until he was on said crossing; that he used all diligence and care within his power immediately to get out of the way of said train and across said tracks; that on account of the unlawful speed at which said train was running and the rough and unlawful condition of said crossing it was impossible for him to do so; that appellant did not ring any bell, blow any whistle, or attempt to stop or check the speed of said train, but negligently ran the same at the unlawful rate of speed, to wit, sixty miles an hour; that said train collided with decedent and killed him. The complaint then avers that certain ordinances of the city of Indianapolis were in force on the date of said accident, governing the establishment and maintenance of grade crossings, requiring a bell to be rung when a locomotive is moving in said city, and limiting the speed of trains within the city limits to four miles per hour, and alleges appellant's violation of the same. While some averments in appellee's complaint are by way of recital, and there is much detail and some repetition, a fair interpretation of the facts well pleaded shows that a cause of action is stated, and the complaint is sufficient to withstand the demurrer.

But appellant asserts that the facts alleged show that as a matter of law decedent was guilty of contributory negligence; that he was negligent in not keeping a proper lookout for trains from the east while he traveled the last fifty feet of the approach to the Keystone avenue crossing, and that after he reached a point five feet from said crossing he had an unobstructed view of appellant's tracks, both to the east and to the west, but did not at that

time look to the east. Appellant further contends that this
court will take judicial notice of the noise which is made
by a train running at a speed of sixty miles an hour; that
such noise must have been heard by decedent, and no reason
is shown for his apparent failure to heed its warning; that
the complaint also alleges a physically impossible state of
facts, in that a train, running at a speed of sixty miles an
hour, would not travel half a mile in the time taken by a
horse, driven in a walk, to traverse fifty feet.

We cannot concur in appellant's view. The averments
show that decedent looked to the east when about fifty feet
from the right of way, and saw down the track for about
half a mile and no train was in sight; that his view to the
west was obstructed, making it necessary for him to keep
a close watch in that direction for approaching trains; that
the crossing was defective and impeded his progress in at-
tempting to cross appellant's tracks; that no warnings were
given of the approach of the train, and that it was running
at a high and unlawful speed. On this state of facts we
cannot hold that the complaint affirmatively shows decedent
guilty of negligence contributing to his injury and death.
Considering only the distance alleged and the absence of
special warnings, it may be that the collision is thus shown
to be improbable, if not impossible; but these averments
must be considered in the light of the other allegations show-
ing the obstructions to the west and the defective condition
of the crossing, and when so considered, a cause of action is
stated and the question of decedent's contributory negli-
gence remains one of fact to be submitted to the jury.

This court may take judicial notice of the fact that an
approaching train will make some noise, but on the facts
alleged we cannot go to the extent of holding as a
3.    matter of law that the warning given by such noise
was sufficient to show decedent guilty of contributory
negligence. A person approaching a railroad crossing must

use ordinary care to avoid injury, but what is such
4. care in any given case, or the precise distance from
the crossing at which the traveler must look and listen,
cannot ordinarily be stated as a matter of law. The test be-
ing, Did he, in view of his situation, surroundings and ap-
parent danger, use ordinary care?

The principle involved is always the same, but each case
must be determined by its own peculiar facts and circum-
stances. If the facts are of a character to be reason-
5. ably subject to more than one inference or conclu-
sion, the ultimate fact of contributory negligence, or
of due care, should be determined by the jury. *Baltimore,
etc., R. Co.* v. *Rosborough* (1907), 40 Ind. App. 14, 18, 80
N. E. 869; *Pittsburgh, etc., R. Co.* v. *Lynch* (1909), 43 Ind.
App. 177, 186, 87 N. E. 40; *Chicago, etc., R. Co.* v. *Turner*
(1904), 33 Ind. App. 264, 268, 69 N. E. 484; *Greenawaldt* v.
*Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 223, 74 N. E.
1081; *Sloy* v. *Louisville etc., R. Co.* (1903), 160 Ind. 144, 152,
66 N. E. 615; *Pittsburgh, etc., R. Co.* v. *Wright* (1881), 80
Ind. 236.

The alleged contributory negligence of decedent in failing
to stop his horse after he had reached a point within five
feet of appellant's tracks, and there looking in both
6. directions before attempting to cross, cannot be de-
clared as a matter of law, but it is a question for the
jury to determine from the evidence, under proper instruc-
tions from the court as to the law. *Cincinnati, etc., R. Co.*
v. *Grames* (1893), 136 Ind. 39, 49, 34 N. E. 714. On the
facts averred, in the light of the foregoing decisions, it can-
not be declared as a matter of law that decedent did not use
ordinary care to avoid injury as he approached the crossing
where he was injured.

The answers to the interrogatories are not in irreconcilable
conflict with the general verdict, and we cannot say from our
examination of the evidence that the jury in its answers

shows wilful disregard of the evidence, or that it was influenced by passion or prejudice.

After a careful examination of the instructions given by the court and those tendered by appellant, we are of the opinion that no error prejudicial to appellant was

7. committed by the trial court either in giving or in refusing instructions. The instructions given were applicable to the issues, and so fully and fairly state the law as to render harmless the refusal of the instructions tendered by appellant.

No good purpose can be subserved by setting out the instructions given or refused on which error has been assigned, or by a detailed discussion of the questions raised, which in this case could only mean the restatement of propositions many times declared by this court and our Supreme Court.

We find no reversible error in the admission or exclusion of evidence. Some questions are suggested where no exceptions are shown, and the other questions show no errors or relate to matters that could not possibly have harmed appellant.

Appellant earnestly insists that the verdict is not supported by sufficient evidence; that the undisputed physical facts show that decedent's own negligence contributed to his injury; that his view to the west was not obstructed, and that he could by looking have seen the approaching train from the east, and that he could have heard its approach, by reason of the necessary noise of the moving train, independently of any warning bell or whistle, had he exercised the care the law imposes on a person approaching a railroad crossing; that the alleged obstructions were so far from the crossing as not to obscure decedent's view or require his exclusive attention after he turned north on Keystone avenue.

The theory of appellant is correct, but the evidence was not so conclusive on the facts asserted as to preclude the

finding by the jury to the contrary. There was evidence warranting the inference or finding that decedent, before or at the time he turned north on Keystone avenue, about 75 feet from appellant's tracks, looked and could see no train approaching from the east for such a distance as to give him reasonable assurance that there was no danger of injury from a train from that direction before he could cross the tracks; that after he turned north his view to the west was obstructed by box-cars until he was within a few feet of the tracks; that his attention was attracted by the noise and the ringing of the bell of a switch engine operating a short distance west of the Keystone avenue crossing, all of which caused him to look west for approaching trains; that from the time he was forty or fifty feet from the tracks his view was obstructed by piles of cross-ties, until he was within five feet of the tracks; that he saw no train approaching from the east when 75 feet from the tracks, and relied on the fact that appellant would not violate the city ordinance, or approach without proper warning; that he drove upon the tracks and found the crossing defective, which retarded his progress, and he was on account thereof and by reason of the speed of the approaching train, which came upon him without warning, struck and injured as alleged. In this view of the evidence, appellant's negligence and decedent's care were controverted questions of fact, which were properly submitted to the jury, and under the established rules of our appellate procedure we cannot disturb the verdict of the jury in such a case.

Appellant insists that there is such inconsistency in the fact of an unobstructed view to the east for more than 2,000 feet down the track when decedent was some 75 feet from the crossing, and the finding of a collision as alleged, as to compel the conclusion that decedent either did not look or if he looked he did not heed the warning he must have received. But there was evidence that in approaching

the track decedent passed over an ascending grade; that his horse halted when on the tracks, which may have been due to the alleged defects, all of which, when considered with the uncertainty of accurately measuring distance with the eye, presents a situation where the law requires the ultimate facts to be determined by the jury from the evidence. Considering the inferences that may possibly and lawfully be drawn from the facts of this case, we find no warrant for disturbing the finding of the jury or reversing the judgment of the lower court.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 497. See, also, under (1) 33 Cyc. 1053; (2) 33 Cyc. 1111; (3) 16 Cyc. 852; (4) 33 Cyc. 981; (5) 29 Cyc. 631; (6) 33 Cyc. 1116; (7) 38 Cyc. 1816; (8) 33 Cyc. 1143. As to the duty of company's servants, in charge of train, to persons on or near the track, see 20 Am. St. 114. As to contributory negligence in failing to be on lookout for approaching cars, see 51 Am. Rep. 360. As to matters within the course and laws of nature of which a court takes judicial notice, see 124 Am. St. 27. As to the question of contributory negligence being one for the jury, see 8 Am. St. 849. For the duty of a traveller approaching railway crossing as to place and direction of observation, see 37 L. R. A. (N. S.) 136.