## LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY *v.* LOTTICH.

[No. 8,468.　Filed November 24, 1914.　Rehearing denied April 16, 1915.　Transfer denied June 24, 1915.]

1. NEGLIGENCE.—*Trial.*—*Verdict.*—A general verdict for plaintiff in an action for personal injuries is a finding that defendant was guilty of negligence which was the proximate cause of the injury, and that plaintiff was free from contributory negligence.　p. 430.

2. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—Every reasonable presumption is indulged in favor of a general verdict as against a motion for judgment on the jury's answers to interrogatories, and the latter can only prevail when the answers are in irreconcilable conflict with the verdict, and to constitute such conflict it must be such as is impossible of removal by any possible evidence properly admissible under the issues.　p. 430.

3. EVIDENCE.—*Judicial Notice.*—*Time of Sunset.*—The court takes judicial notice that on December 21, 1911, the sun set at 4:23 o'clock p. m.　p. 431.

4. STREET RAILROADS.—*Personal Injuries.*—*Verdict.*—*Answers to Interrogatories.*—In an action against a street car company for injuries to a traveler upon the street, where the negligence charged was in the operation of the car at an unlawful speed so as to strike plaintiff's wagon as he was crossing the track, and the collision occurred after sunset, the general verdict for plaintiff is not overcome by answers to interrogatories showing that the track was in the center of a wide street, that at that point a car might be seen a distance of three blocks away, and that there were no obstructions to plaintiff's view, that plaintiff was experienced, and had good sight and hearing, and that the car could not have been stopped after he started to cross, etc., since under the issues evidence was admissible to show that it was too dark for plaintiff to see the car, that on account of noises he could not hear its approach, etc.　pp. 431, 433.

5. STREET RAILROADS.—*Operation.*—*Drivers of Vehicles.*—*Respective Rights and Duties.*—The rights of the driver of a vehicle on the street and that of a street railway company are equal, and each is bound to use ordinary care to avoid a collision.　p. 431.

6. STREET RAILROADS. — *Personal Injuries.* — *Contributory Negligence.*—*Jury Question.*—Where plaintiff, who was injured by defendant's street car, used some care when he undertook to cross defendant's tracks, it was a question of fact for the jury to determine whether such care was ordinary care under all the facts shown by the evidence.　p. 431.

Louisville, etc., Traction Co. *v.* Lottich—59 Ind. App. 426.

7. STREET RAILROADS.—*Operation.—Presumption as to Speed.*—The plaintiff, in attempting to drive across defendant's street car track had a right to assume that defendant's car would not be operated at an unlawful rate of speed, in the absence of any knowledge or warning to the contrary. p. 432.

8. STREET RAILROADS. — *Personal Injuries. — Contributory Negligence.—Determination.—Acts or Omissions of Company.*—The failure of a street car company in operating its cars to discharge the duty it owes to travelers rightfully on the streets is often an important element to be considered in determining the question of contributory negligence. p. 433.

9. STREET RAILROADS.—*Personal Injuries.—Jury Question.—Contributory Negligence.*—Where, in an action for injuries in being struck by a street car, the facts and conditions established were such as to warrant the drawing of different inferences by reasonable minds upon the question of contributory negligence, the question is one of fact for the jury to determine. p. 433.

10. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action for personal injuries from collision with a street car, where a physician, in answer to a question asking him to state the extent of plaintiff's injury, testified that among other injuries the plaintiff had "an inguinal hernia on both sides", the action of the court in overruling a motion to strike out the quoted portion of the answer, on the ground that the complaint did not allege such injury, did not constitute harmful error, in the absence of any objection to the evidence upon the ground that defendant was not prepared to meet it, since the court could have ordered an amendment of the averments to permit such proof of hernia, and the court on appeal may treat such amendment as having been made. p. 434.

11. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—Where a lease was recorded in a "lease record" instead of in the miscellaneous records of the county, appellant was not harmed by its admission in evidence, where the proof did not relate to the real matter in controversy and the facts proven thereby were not disputed and were substantiated by other proof so far as material to any issue in the case. p. 436.

12. APPEAL.—*Review.—Instructions.*—The giving of an instruction to the effect that if the jury found that defendant was running its car in violation of a city speed ordinance it was guilty of negligence *per se*, but not stating that such negligence would entitle plaintiff to recover, was not objectionable in leaving out of consideration the question of proximate cause. p. 436.

13. APPEAL.—*Review.—Refusal of Instructions.*—In an action against a street railroad company for personal injuries, the refusal of an instruction that there is no evidence on which the

428    APPELLATE COURT OF INDIANA,

Louisville, etc., Traction Co. *v.* Lottich—59 Ind. App. 426.

doctrine of last clear chance can be based, was correct in view of evidence warranting the application of such doctrine, and, even if erroneously refused, the error was harmless in view of the fact that the jury did not find against appellant on the subject of last clear chance. p. 436.

14. APPEAL.—*Review.*—*Refusal of Instructions.*—There was no error in the refusal of requested instructions, which, in so far as they correctly stated the law, were fully covered by others given. p. 437.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Henry P. Lottich against the Louisville and Southern Indiana Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George H. Voigt* and *George H. Hester,* for appellant.
*Charles D. Kelso,* for appellee.

FELT, J.—This is a suit for damages for personal injuries. The complaint is in one paragraph which was answered by a general denial. A trial by jury resulted in a verdict in favor of appellee for $1,500. With its general verdict the jury returned answers to certain interrogatories. The court overruled appellant's motion for judgment on the answers to the interrogatories and its motion for a new trial. Judgment was rendered on the verdict. The ruling on each of said motions is called in question by the assignment of errors.

The complaint alleges in substance that on December 21, 1911, appellant, was and now is, an interurban street railroad, company, organized under the laws of Indiana, engaged in operating street cars on and over its tracks on Main Street in the city of Albany; that on said day appellee was riding on the seat of a two-horse wagon and driving eastwardly on the south side of said street; that when he arrived at the intersection of lower Fifth and Main streets he turned from the south side of Main Street across the car tracks for the purpose of going north on lower Fifth Street; that when the rear end of the wagon had almost crossed over and cleared the tracks appellant carelessly and

negligently approached the wagon from the rear with one of its cars and recklessly, carelessly and negligently ran the car into and against the rear of said wagon, thereby knocking appellee off the seat and down on the doubletrees of the wagon; that by reason of such collision his horses became frightened and ran away and kicked appellee on the head; that as the car approached the crossing of said streets the same was not under the control of the motorman operating the same, but was carelessly and negligently run by the motorman at a high and excessive rate of speed, to wit, fifteen miles an hour in violation of an ordinance of said city, then in full force and effect, which prohibited the running of street cars in said city at a speed of over ten miles per hour; that the motorman, as he approached appellee's vehicle, was engaged in conversation with the conductor of the car and was not vigilantly watching ahead for the purpose of preventing accidents at the intersection of said streets; that as a result of the collision of the car with the wagon as aforesaid "plaintiff's head was battered, bruised and cut, his right side battered, bruised and injured; the right knee cap bruised and injured; the left knee and ankle bruised, cut, strained and twisted, and his back wrenched and strained."

Appellant contends that the court erred in overruling its motion for judgment on the answers to interrogatories notwithstanding the general verdict. By its answers to interrogatories, the jury in substance, found that on the day in question appellee was driving a two-horse team, in a trot, eastwardly along Main Street in the city of New Albany; that he drove along the south side of the street railway tracks located in the center of the street which was sixty feet wide and ran practically in a straight course; that the north wheels of the wagon were from two to eight feet from the south rail of the track; that as he reached the intersection of Fifth and Main streets, he drove across the track without stopping his team; that at the time appellee

was attempting to cross the track one of appellant's cars was approaching from the west; that the car was running at the rate of twelve miles per hour while approaching Fifth Street and when it struck the left hind wheel of the wagon; that when appellee started to cross the track the car was forty-five feet away; that the motorman attempted to stop the car as the wagon crossed the track; that appellee did not see the approaching car before his team started to cross the track nor before he crossed the track; that before he started across or when he crossed the track he did not know that a car was approaching Fifth Street; that there was nothing to obstruct the view of appellee down Main Street; that a person then and there seated on a wagon on such street could see an approaching street car three blocks away; that appellee was sitting on the front seat of the wagon; that there were no other vehicles in the street and nothing on the wagon to obstruct his view; that appellee was sixty-one years old and had good eyesight and good hearing; that he was experienced in driving horses and his team was gentle and he had it under control up to the time the car struck the wagon; that the accident occurred at 4:33 o'clock in the afternoon; that the car could not have been stopped between the time the horses started to go across the track and the time it struck appellee's wagon.

Appellant concedes that the answers show that its car which struck appellee's wagon was running at a speed prohibited by the ordinance, but it contends that they also conclusively show that appellee was guilty of negligence which contributed to his injury. The general verdict is a 1. finding that appellant was guilty of the negligence which was the proximate cause of appellee's injury and that he was free from negligence contributing thereto.

In determining the question on the motion for judgment on the answers to the interrogatories every reasonable 2. presumption is indulged in favor of the general verdict and judgment can only be given on the answers

to the interrogatories when they are in irreconcilable conflict therewith. If there is apparent conflict the judgment on the general verdict will prevail if the conflict between the answers and the general verdict may be removed by any possible evidence that might properly be given under the issues of the case.

The answers to the interrogatories show that the collision which resulted in the injuries complained of occurred at 4:33 o'clock in the afternoon of December 21, 1911.

3. This court will take judicial notice that on that day the sun set at 4:23 o'clock p. m. *Dayton, etc., Traction Co.* v. *Marshall* (1905), 36 Ind. App. 491, 76 N. E. 824; *Cincinnati, etc., R. Co.* v. *Worthington* (1903), 30 Ind. App. 663, 65 N. E. 557, 66 N. E. 478, 96 Am. St. 355.

4. It thus appears that the collision occurred after sunset. Evidence was admissible under the issues to show that it was cloudy and too dark for appellee to see the car, and that there were no artificial lights on the street. Also to show that on account of the noise of the wagon in which he was riding, or other noises, he was unable to hear the noise of the approaching car. Also that at some time before attempting to cross he did look to the rear for an approaching car and did not see it, nor learn that a car was approaching. Furthermore the findings which show that there were no obstructions to appellee's view were in response to questions which when reasonably construed must be held to have called the attention of the jury to obstructions of a physical nature and not to darkness.

Appellee's rights and those of appellant upon the street were equal and each was bound to use ordinary care to avoid a collision. Appellee was driving along the street

5. ahead of the car and the street and crossing where he attempted to pass over appellant's tracks were free from obstructions. He did not see nor hear the

6. car that struck his wagon or know of its approach when he drove across the tracks. In attempting to

cross over under such circumstances he may or may not have exercised the care of an ordinarily prudent man under similar conditions, but we can not declare as a matter of law that he was guilty of contributory negligence in attempting to cross the tracks as he did. Leaving out of consideration the possible evidence that might be admitted under the issues in aid of the general verdict as against the answers to the interrogatories, and giving full effect to the finding that a man situated and circumstanced as appellee was at the time he attempted to cross the tracks, could have seen a car three blocks away, still we can not declare as a matter of law that he was guilty of contributory negligence if he failed to ascertain that a car was approaching from the rear so near as to make it dangerous for him to attempt to cross the track. Likewise if he looked and saw the car and miscalculated its distance or the speed with which it was approaching. The findings do not conclusively show a failure on the part of appellee to use any care, but on the contrary show that he did exercise some care when he undertook to cross appellant's tracks. Where some care is exercised it is a question of fact for the jury to determine whether such care was ordinary care under all the facts shown by the evidence. *Cleveland, etc., R. Co.* v. *Nichols* (1913), 52 Ind. App. 349, 354, 99 N. E. 497. The car struck the rear wheel of appellee's wagon, which shows that he was almost over the track when the collision occurred. Appellee had the right to assume in the absence of any knowledge or warning to the contrary, that appellant's cars would not be operated at an unlawful rate of speed. *Lake Erie, etc., R. Co.* v. *Oland* (1912), 49 Ind. App. 494, 499, 97 N. E. 543. In *Indianapolis St. R. Co.* v. *Hoffman* (1907), 40 Ind. App. 508, 510, 82 N. E. 543, the court said: "There is no finding that appellee knew the speed of the approaching car, nor are facts found from which the conclusion irresistibly arises that he should have known it. The traveler upon a public

MAY TERM, 1915.                   433

Louisville, etc., Traction Co. *v.* Lottich—59 Ind. App. 426.

highway has a right to assume, within reasonable limits, that other persons using it will exercise reasonable care in so doing. Appellee cannot be considered as contributorily negligent for failing to anticipate the negligence of the defendant. *Indianapolis St. R. Co.* v. *Bolin* (1907), 39 Ind. App. 169 [78 N. E. 210]; *Union Traction Co.* v. *Vandercook* (1904), 32 Ind. App. 621 [69 N. E. 486]. If appellee had been struck by a car run in a careful and proper manner, his failure to see it and avoid it would deprive him of any right of action. Having been struck by a car run at a rapid and reckless rate, his failure to avoid it must be coupled with knowledge, actual or constructive, not only that the car was approaching along the track, but that it was running at a rate of speed which made it hazardous to cross, before the courts can say, as a matter of law, against a verdict, that he did not exercise reasonable care under the circumstances. Any other holding would put a premium on negligence by such companies, making that which is a basis of liability a sure avenue of escape from liability.''

The failure of the railway company in operating its cars to discharge the duties it owes to travelers rightfully on the streets where it operates its cars, may be, and frequently is an important element to be considered in determining the question of contributory negligence. *Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 101 N. E. 500; *Lake Erie, etc., R. Co.* v. *Oland, supra* 500; *Malott* v. *Hawkins* (1902), 159 Ind. 127, 135, 63 N. E. 308.

Considering the unlawful rate of speed of the car which struck appellee's wagon and appellee's want of knowledge thereof in connection with all the other facts established by the answers to the interrogatories we have a state of facts and conditions from which reasonable minds might draw different inferences as to whether in attempting to cross the tracks as he did appellee exercised ordinary care. Where such is the case neg-

434    APPELLATE COURT OF INDIANA,

Louisville, etc., Traction Co. *v.* Lottich—59 Ind. App. 426.

ligence can not be declared as a matter of law and the question is one of fact to be determined by the jury from all the evidence in the case. The jury by its general verdict found in appellee's favor on the issue of his contributory negligence and the answers are not in irreconcilable conflict with such verdict. The court therefore did not err in overruling the motion for judgment on the answers to the interrogatories notwithstanding the general verdict.

As one of the causes for a new trial appellant assigns that "the court erred in overruling the motion of defendant to strike out the part of the answer of Dr. Chester C. Funk, in which he stated that the plaintiff had an inguinal hernia." While Dr. Funk was testifying

10. he was asked the following question: "Tell the jury what examination you made of him (plaintiff) and the extent of his injury in your own way?" The witness answered in substance that he saw appellee several days after he received his injury and that he had a scalp wound that had partially healed and "an inguinal hernia on both sides". After this answer the record shows the following: "The defendant, through its attorney, objects and moves the court to strike the answer from the record, that part which says, he found 'an inguinal hernia on both sides', for the reason, there is no allegation in the complaint that the plaintiff suffered from hernia as the result of the injury described in the complaint, or any allegation in the complaint that he suffered from any injury to the walls of the intestines, or any portion of the anatomy from which hernia can result, which objection and motion are by the court overruled, to which ruling of the court, the defendant, at the time excepts." Conceding without deciding that the form of the question did not indicate an answer that would amount to a variance between the averments of the complaint and the proof, and that for such reason the question may be raised by motion to strike out the objectionable part of the answer, still we do not find

that the court committed reversible error in overruling the motion to strike out part of the answer.

There was no objection on the ground that appellant was unprepared to meet the evidence. The court could very properly have ordered an amendment to make the averments broad enough to permit the proof of hernia if the averments were insufficient so to do. Where there is neither objection, nor proof, that the complaining party is unprepared to meet such evidence and the objection rests on the ground of variance, or that the averments of the complaint are insufficient ·to warrant the admission of such evidence, the trial court may order the pleading to be so amended as to admit the proof, and where that has not been done, on appeal, this court will consider the pleading so amended as to conform to the proof, where, as here, such amendment and proof do not relate to a new or different cause of action, or give any new right to a recovery separate and distinct from that already stated in the pleading so amended, or where amendment does not change the theory of the complaint or pleading amended, but simply permits proof of an additional phase of the injury resulting from the causes originally stated in the complaint. Such amendment does not add a new or different cause of action but simply permits proof within the issues, which the party may rebut. If he is not shown to have been unprepared to meet the proof and to have objected to the evidence on that ground, its admission is not harmful error. §§400-403, 700 Burns 1914, §§391-394, 658 R. S. 1881; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 495, 73 N. E. 996; *Louisville, etc., R. Co.* v. *Hollerbach* (1886), 105 Ind. 137, 150, 5 N. E. 28; *Ohio, etc., R. Co.* v. *Selby* (1874), 47 Ind. 471, 497, 17 Am. Rep. 719; *City of Huntington* v. *Mendenhall* (1881), 73 Ind. 460, 463; *Louisville, etc., Traction Co.* v. *Lloyd* (1915), 58 Ind. App. 39, 105 N. E. 519; *Driscoll* v. *Penrod* (1911), 176 Ind. 19, 25, 95 N. E. 313; *Louisville, etc., R. Co.* v. *Shanks*

(1892), 132 Ind. 395, 396, 31 N. E. 1111; *Ohio, etc., R. Co.* v. *Hecht* (1888), 115 Ind. 443, 445, 17 N. E. 297; *Reddick* v. *Keesling* (1891), 129 Ind. 128, 133, 28 N. E. 316. See, also, *Lake Erie, etc., R. Co.* v. *Oland, supra; Lewark* v. *Carter* (1889), 117 Ind. 206, 211, 20 N. E. 119, 10 Am. St. 40; *Ashton* v. *Shepherd* (1889), 120 Ind. 69, 72, 22 N. E. 98.

Objection is also made to the admission in evidence of a lease from the New Albany Street Railway Company to appellant which was shown to have been recorded in a "lease record" instead of the miscellaneous records of the county. The facts proven by the lease were not disputed and there was other proof of the same facts so far as material to any issue in the case. The proof did not relate to the real matters in controversy and it is quite apparent that if the book in which the lease was recorded was not in fact the record in which it should have been recorded appellant was in no way harmed by the evidence. *Houk* v. *Citizens Nat. Bank* (1912), 51 Ind. App. 628, 99 N. E. 437.

It is claimed that the court erred in giving instruction No. 6 requested by appellee, in that such instruction left out of consideration the question of proximate cause. The instruction was to the effect that, if the jury found that appellant was running its car in violation of the city ordinance regulating the speed of cars, it was guilty of negligence *per se*. Appellant admits that the failure to perform a duty imposed either by statute or by an ordinance is negligence *per se*. This was the sum and substance of the instruction. It did not state that such fact would entitle appellee to recovery, and it was not open to the objection urged against it.

Instruction No. 11 tendered by appellant and refused is as follows: "There is no evidence in this case upon which the doctrine of last clear chance can be based and if you find that the plaintiff was guilty of contributory negligence your verdict must be for the defendant."

Louisville, etc., Traction Co. *v.* Lottich—59 Ind. App. 426.

There was some evidence admitted tending to show that appellee was in a position of imminent peril on appellant's track and that the motorman in charge of appellant's car saw appellee and the danger to which he was exposed some time before the collision, and that by the exercise of reasonable care he could have slackened the speed of the car in time to have avoided the collision and that the motorman failed to do so. Under such evidence it was not error to refuse the instruction tendered. Furthermore the answers to the interrogatories show that the jury did not find against appellant on the theory of last clear chance, and therefore if the instruction should have been given, its refusal in such case was not harmful to appellant.

Appellant also contends that the court erred in refusing to give to the jury instructions Nos. 15 and 19 tendered by it. These instructions deal with the duty of a person about to cross a street car track and the duty and rights of a motorman operating a car propelled by electricity. The court gave many instructions requested by both appellant and appellee and in so far as the instructions refused state correct propositions of law applicable to the issues and evidence of the case they were fully covered by the instructions given. We find no available error in the record. Judgment affirmed.

NOTE.—Reported in 106 N. E. 903. As to injuries by street car collisions with vehicles or horses, see 25 L. R. A. 508. See, also, under (1) 38 Cyc. 1915 Anno. 1902-new; (2) 38 Cyc. 1927; (3) 16 Cyc. 857; (4) 36 Cyc. 1646; (5) 36 Cyc. 1495; (6) 36 Cyc. 1628; (7) 36 Cyc. 1550; (8) 36 Cyc. 1527; (9) 36 Cyc. 1622; (10) 31 Cyc. 703; 3 Cyc. 291; (11) 38 Cyc. 1411, 1419; (12) 36 Cyc. 1638; 38 Cyc. 1627; (13) 36 Cyc. 1638; 38 Cyc. 1627, 1817; (14) 38 Cyc. 1711.