## Cole Motor Car Company v. Ludorff.

[No. 8,971.    Filed February 17, 1916.]

1. Appeal.—*Questions Presented.*—*Answers to Interrogatories.*—*Scope of Review.*—The court on appeal in reviewing the overruling of a motion for judgment on the jury's answers to interrogatories, can consider only the issues, the general verdict and the answers to the interrogatories.  p. 122.

2. Trial.—*Verdict.*—*Answers to Interrogatories.*—A general verdict finds every material issuable fact in favor of the prevailing party, and all reasonable presumptions will be indulged in its favor as against the jury's answers to interrogatories.  p. 123.

3. Trial. — *Verdict.* — *Answers to Interrogatories.* — Contradictory answers to interrogatories neutralize each other, and where the answers are contradictory, or are not irreconcilable with the general verdict by any evidence admissible under the issues, they will not sustain a motion for judgment thereon notwithstanding the general verdict.  p. 123.

4. Appeal.—*Review.*—*Interrogatories to Jury.*—An interrogatory submitted to the jury asking "if plaintiff had looked with reasonable care could she have seen the automobile which struck her while it was traveling a space of more than one square before it struck her," was not objectionable as calling for the ultimate conclusion of the jury as to whether plaintiff under all the facts and circumstances of the case exercised ordinary care for her own safety, though it was perhaps objectionable in that it involved the application of a legal principle to determine whether if plaintiff had "looked with reasonable care," she could have seen the approaching automobile.  p. 123.

5. Negligence.—*Use of Street.*—*Presumptions.*—In the absence of knowledge to the contrary, one lawfully using a public street has the right to presume that others using it in common with him will use ordinary care to avoid injuring him, and that persons driving thereon will do so in conformity to ordinances or laws regulating such use.  p. 124.

6. Negligence.—*Use of Street.*—*Presumptions.*—*Contributory Negligence.*—While the wrongful conduct of one who drives an automobile at an unlawful speed will not excuse a pedestrian upon the street from the exercise of care for his own safety, the absence of knowledge on his part of the unlawful conduct of such driver authorizes a consideration of the presumption of due care and conformity to law in determining whether under the particular circumstances the pedestrian exercised ordinary care for his own safety.  p. 124.

7. Negligence.—*Collision on Street.*—*Verdict.*—*Answers to Interrogatories.*—In an action for injuries to plaintiff who was struck by an automobile while crossing a street, where the issues were

such as to render admissible evidence that would wholly absolve plaintiff from the duty of looking, answers to interrogatories which did not show that she wholly failed to exercise care for her safety were not in conflict with a general verdict for plaintiff, in view of the presumptions plaintiff could indulge, even if they showed that she failed to look in the direction from which the automobile approached. p. 125.

8. APPEAL.—*Review.*—*Instructions.*—*Applicability to Evidence.*— In an action for injuries received by plaintiff who was struck by an automobile while crossing a street, where there was evidence that the collision occurred about dusk at a business portion of the city with which plaintiff was not familiar, and where the operation of street cars and traffic made much noise, that the automobile approached without a light and without the sounding of the horn, and that plaintiff was unaware of its approach until the instant it was upon her, etc., an instruction defining ordinary care and stating that the law does not hold a person who is faced with a sudden danger to the same degree of judgment and presence of mind that would otherwise be required under circumstances not indicating sudden peril, was applicable to the evidence and was properly given. p. 127.

9. APPEAL.—*Review.*—*Instructions.*—The objection that an instruction is based upon a statute claimed to be unconstitutional is unavailable where the undisputed evidence shows that the case involved a portion of the statute which is not claimed to be invalid, and the instruction given was applicable to the evidence. pp. 128, 129.

10. COURTS.—*Jurisdiction.*—*Constitutional Questions.*—The Appellate Court does not have jurisdiction to dispose of a case in which a constitutional question is properly raised and presented. p. 128.

11. APPEAL.—*Presenting Questions for Review.*—*Constitutional Questions.*—Mere abstract propositions of law and general statements, though made under "Points and Authorities" in appellant's brief, are insufficient to present any question; hence the alleged unconstitutionality of a law was not raised where neither the particular section claimed to be invalid, nor the particular constitutional provision claimed to be violated, is definitely pointed out. p. 128.

12. APPEAL.—*Constitutional Questions.*—*Determination of Cause on Merits.*—Where the merits of the cause may be passed on without deciding a constitutional question the courts do so. p. 129.

13. DAMAGES.—*Complaint.*—*Evidence.*—*Instructions.*—In an action for personal injuries, where the complaint alleged that plaintiff was a housekeeper and did her own sewing before she was injured, and that after receiving the injuries she was unable to perform any labor, was an invalid, and permanently unable to perform any household duties, and the evidence showed that plaintiff was an unmarried woman, an instruction authorizing the jury to consider loss of time as an element of damages was warranted. p. 129.

From Morgan Circuit Court; *Nathan A. Whitaker*, Judge.

Action by Lillie Ludorff against the Cole Motor Car Company. From a judgment for plaintiff, the defendant appeals. *Affirmed*.

 *John B. Elam, J. W. Fesler, Harvey J. Elam* and *Howard S. Young*, for appellant.

*Eph Inman, Alfred M. Bain, Emmet F. Branch* and *Urban C. Stover*, for appellee.

FELT, P. J.—This is a suit for damages for personal injuries alleged to have been received by appellee on account of one of appellant's employes negligently driving an automobile upon and over appellee on one of the streets of the city of Indianapolis. Issues were formed by a complaint and an answer of general denial. The jury found for appellee and with the general verdict returned answers to interrogatories. From a judgment on the general verdict appellant has appealed and assigned as error the overruling of its motion for judgment on the answers of the jury to the interrogatories notwithstanding the general verdict, and the overruling of its motion for a new trial.

Omitting formal allegations, the gist of the complaint is that appellant employed one McGinnis as a test car driver and, on November 7, 1912, at the junction of Virginia Avenue, Pine and Noble streets in the city of Indianapolis, appellee attempted to walk across to the south side of the avenue and used due care for her own safety while so doing; that said McGinnis negligently drove an automobile at a speed of more than fifteen miles per hour, to wit, twenty miles per hour, without sounding any horn or giving any signal of his approach and negligently and recklessly drove the automobile against

appellee, knocked her down and severely and permanently injured her.

The answers to the interrogatories in substance show that shortly before the accident appellee was standing on the sidewalk, near the curb along Virginia Avenue and about eight feet southeast of the intersection of the south curb on Pine Street; that she started to walk across the avenue in a northeasterly direction and proceeded about sixteen feet when she was struck; that after she started across the street she did not look southeast along the avenue for the approach of vehicles and did not see the automobile that injured her until the instant she was struck; that the automobile that struck appellee came along the avenue a distance of two squares before it struck her; that she was on the sidewalk near the place where she was injured while the automobile was traveling a distance of about two squares along the avenue and if she "had looked with reasonable care" she could not "have seen the automobile which struck her while it was traveling a space of more than one square before it struck her"; that if she had looked and seen the automobile a square before it reached her she could have avoided the accident; that the automobile was about 150 feet from her when she stepped from the sidewalk into the street and there was nothing to prevent her from seeing it; that she was at that time about forty-four years of age, had good eyesight and was familiar with the manner in which the streets of Indianapolis are used by automobiles and other vehicles.

In passing on a motion for judgment on the answers of the jury to the interrogatories notwithstanding the general verdict, we can only consider the issues, the general verdict and the answers to the interrogatories. The general

verdict finds every material, issuable fact, in favor of the prevailing party and all reasonable presumptions are in its favor as against the answers of the jury to the interrogatories. Contradictory answers to interrogatories neutralize each other and can not overcome the general verdict. A motion for judgment on the answers to the interrogatories can only be sustained when the answers are in irreconcilable conflict with the general verdict and can not be reconciled by any evidence that might have been properly admitted under the issues of the case. *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 307, 102 N. E. 21; *Cleveland, etc., R. Co.* v. *Federle* (1912), 50 Ind. App. 147, 152, 98 N. E. 123; *Lutz* v. *Cleveland, etc., R. Co.* (1915), 59 Ind. App. 16, 108 N. E. 886; *Louisville, etc., Traction Co.* v. *Lottich* (1915), 59 Ind. App. 426, 106 N. E. 903.

It is contended by appellant that interrogatory No. 10 and the answer thereto must be disregarded because it calls for the ultimate conclusion as to what amounted to due care on the part of appellee. The question and answer are as follows: "If the plaintiff had looked with reasonable care could she have seen the automobile which struck her while it was traveling a space of more than one square before it struck her? A. No." The question is not objectionable on the ground that it calls for the ultimate conclusion of the jury as to whether appellee under all the facts and circumstances of the case exercised ordinary care for her own safety. The question is limited in its scope and seeks to ascertain whether appellee by looking could have seen the automobile which struck her, while it was traveling a square or more. It may be objectionable for another reason not urged by appellant, viz., that it involves the application of

a legal principle to determine whether if appellee had "looked with reasonable care," she could have seen the approaching automobile. *Dodge Mfg. Co.* v. *Kronewitter* (1914), 57 Ind. App. 190, 199, 104 N. E. 99; *Lagler* v. *Roch* (1914), 57 Ind. App. 79, 86, 104 N. E. 111; *Tippecanoe Loan, etc., Co.* v. *Jester* (1913), 180 Ind. 357, 375, 101 N. E. 915, L. R. A. 1915 E 721; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 437, 102 N. E. 369; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 315, 45 N. E. 470; *Wabash R. Co.* v. *Keister* (1904), 163 Ind. 609, 615, 67 N. E. 521; *Pennsylvania Co.* v. *Reesor* (1916), 60 Ind. App. 636, 108 N. E. 983. But disregarding this interrogatory and the answer thereto, we can not say as a matter of law that the answers to the interrogatories are in irreconcilable conflict with the general verdict.

In the absence of knowledge to the contrary, one who is lawfully using a public street has the right to presume that others using it in common 5. with him will use ordinary care to avoid injuring him and, in the absence of information or notice to the contrary, may presume that persons driving upon the street will not in so doing violate any ordinance or law but will conform thereto. *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 108 N. E. 234; *Rump* v. *Woods* (1912), 50 Ind. App. 347, 352, 98 N. E. 369; *Louisville, etc., Traction Co.* v. *Lottich, supra.* The wrongful conduct of one who runs an automobile at an unlaw- 6. ful rate of speed will not excuse a pedestrian upon the street from the exercise of ordinary care for his own safety, but, in the absence of knowledge on his part of such excessive or unlawful speed, the court or jury trying the case may consider the presumption of due care and conformity to the law in determining whether under the circumstances of

any particular case such pedestrian exercised ordinary care for his own safety, or was guilty of negligence which proximately contributed to his injury. *Rump* v. *Woods, supra; Louisville, etc., Traction Co.* v. *Lottich, supra; Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 224, 101 N. E. 500.

The interrogatories are in some measure contradictory to each other on the question of appellee's care in attempting to cross the street. They do not show that she wholly failed to exercise care for her safety. The general verdict finds that she exercised ordinary care in attempting to cross the street at the time and place and under the conditions shown by the evidence. The answers show that she walked a distance of sixteen feet from the curb before she was struck, and if it be conceded that they also show that she did not look in the direction from which the automobile came while walking that distance and that by looking she could have seen the approaching automobile, they are not then shown to be in irreconcilable conflict with the general verdict. Under the issues evidence was admissible that might wholly absolve her from the duty of looking in that particular direction while walking so short a distance. Likewise had she looked and mistaken the distance or misjudged the speed of the approaching automobile, it would still be a question of fact for the jury to determine from all the facts and circumstances shown by the evidence whether in attempting to cross, and while in the act of crossing, she exercised ordinary care for her own safety. The answers, therefore, in view of the facts shown by them, the facts provable under the issues and the presumptions appellee was permitted to indulge under the particular facts of this case, fall short of showing such antagonism to the general verdict as to overcome it. *Louisville, etc.,*

*Traction Co.* v. *Lottich, supra; Cleveland, etc., R. Co.* v. *Nichols* (1913) 52 Ind. App. 349, 354, 99 N. E. 497; *Lutz* v. *Cleveland, etc., R. Co., supra.* It follows that the court did not err in overruling appellant's motion for judgment on the answers of the jury to the interrogatories.

Under the motion for a new trial complaint is made of the giving of certain instructions and of the refusal of the trial court to give certain instructions tendered by appellant. Most of the objections urged are answered by the propositions of law already stated in this opinion. This is true of those which deal with the presumptions appellee was permitted to indulge in while attempting to cross the street. The instructions given state the law substantially as recently declared by the Supreme Court in *Elgin Dairy Co.* v. *Shepherd, supra,* and as announced in other decisions cited in this opinion. Complaint is made of instructions Nos. 4 and 12 given by the court of its own motion, which are as follows: "4. Ordinary care is such care as a person of ordinary prudence would usually exercise under like circumstances, and the law does not hold a person who is faced with a sudden danger to the same degree of judgment and presence of mind as would otherwise be required of him under circumstances not indicating sudden peril. * * * 12. The statute in force at the time of the accident complained of provides that any person or persons operating a motor vehicle on any public highway or in any public place shall not operate the same at any rate of speed greater than is reasonable and proper, having regard to the use in common of such highway or place, or so as not to endanger the life or limbs of any person, and in no event shall such motor vehicle be operated at a greater rate of speed than eight miles per hour in the business and closely

built-up portions of any municipality of this state, not more than fifteen miles per hour in any other portions of such municipality, and upon approaching a crossing of intersecting highways or traversing a curve a person operating a motor vehicle shall have it under control and operate it at a speed not greater than is reasonable and proper, having regard to the safety and traffic then on such highway and of the public, and that after dark all automobiles shall carry lighted lamps, and said statute provides a penalty for its violation. I instruct you, if you find from a preponderance of the evidence, that the plaintiff was injured as alleged in her complaint by being run over by an automobile of defendant being operated and run by defendant's employe acting within the scope of his employment, and that on the occasion complained of said automobile was being operated by such employe at a higher rate of speed than that authorized by this statute, then you will be authorized to find that said machine was being operated at a negligent rate of speed and that such negligence is attributable to defendant herein."

It is contended by appellant that there is no evidence which warranted the trial court in giving instruction No. 4. The evidence tends to show that appellee was injured by being struck by a test car of appellant driven by one McGinnis; that the injury occurred at the junction of Pine and Noble streets and Virginia Avenue in a business portion of the city of Indianapolis, at about five o'clock in the evening when it was "getting dusk"; that street cars are operated over the streets and there is much traffic and noise in that vicinity; that appellee lived in north Indianapolis and was just before her injury looking for a dressmaker's shop; that she looked both ways before she stepped from the sidewalk into the street; that she

was about eight feet from the sidewalk when the automobile came suddenly from Virginia Avenue headed for Noble Street; that no horn was sounded and no lights were on the car; that she saw the car the instant it was upon her and became somewhat bewildered, and crouched, or hesitated, or stepped back and for the instant seemed uncertain what to do and was struck, knocked down and run over by the test car driven at a speed variously estimated at from twelve to twenty-five miles per hour. If one acts naturally in a case of sudden and instant peril put upon him by another and is injured, he may not be guilty of negligence contributing thereto, although afterwards, out of the presence of danger, with time to reflect, and consider all the facts, it may appear that another course of conduct might have avoided the injury. *Lake Shore, etc., R. Co.* v. *Myers* (1912), 52 Ind. App. 59, 65, 98 N. E. 654, 100 N. E. 313, and cases cited. The court therefore in view of the evidence, did not err in giving instruction No. 4.

It is claimed by appellant that instruction No. 12 is erroneous because it is based on the act of 1907 (Acts 1907 p. 558, §10465 Burns 1908) which it claims is so indefinite as to be invalid and

9. authorizes the taking of property without due process of law in violation of the Constitution of the United States. If a constitutional question is raised and duly presented this court does not have jurisdiction to dispose of the case. §1391

10. Burns 1914, Acts 1901 p. 565. Appellant does not point out definitely the section of the Indiana law it claims is indefinite and uncertain nor does it definitely point out the portion of the Federal Constitution it claims is violated. Mere abstract

11. propositions of law and general statements though made under points and authorities are

insufficient to present any question. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652. Where the merits of the cause may be passed on without deciding a constitutional question the courts do so. *In re Mertes' Estate* (1914), 181 Ind. 478, 480, 104 N. E. 753. Furthermore the undisputed evidence in this case shows a violation of that part of the statute which it is not claimed is indefinite and uncertain. The driver of the automobile admitted that he was driving at a rate of speed of from twelve to fifteen miles per hour and other witnesses testified to a much higher rate of speed. The act provides that: "In no event shall such motor vehicle be operated at a greater rate of speed than eight miles an hour in the business and closely built-up portions of any municipality of this state, nor more than fifteen miles an hour in any other portions of such municipality." Therefore, under the facts of this case, in any view that may be taken, appellant was not harmed by the giving of instruction No. 12. But, see, also *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340, Ann. Cas. 1914 D 1284; *Shea* v. *City of Muncie* (1897), 148 Ind. 14, 34, 46 N. E. 138; *People* v. *Dow* (1908), 155 Mich. 115, 118, 118 N. W. 745; *Strickland* v. *Whatley* (1914), 142 Ga. 802, 83 S. E. 856. Objection is urged to instruction No. 16, on the ground that it erroneously permitted the jury to include in its award of damages something for loss of "time when there was no demand in the complaint for this item of special damages and no evidence any time of any value lost." The averments show that appellee was a housekeeper and did her own sewing before she was injured; that since she received her injuries she has been unable to perform any labor and was thereby made an invalid

and rendered permanently unable to perform any household duties. The pleading is sufficient to satisfy the rule which requires loss of time or diminished earning capacity or loss of business to be specially pleaded and proven to warrant a recovery therefor. The evidence tends to sustain the averments and shows that appellee was an unmarried woman. The instruction containing the phrase "loss of time and any reduction in her ability to earn money" is not objectionable on the ground urged against it and considering the facts of the case alleged and proven we can not say that appellant was harmed by the giving of the instruction. *Lake Erie, etc., R. Co.* v. *Chriss* (1914), 57 Ind. App. 145, 147, 105 N. E. 62; *Louisville, etc., Traction Co.* v. *Lottich, supra; Cincinnati, etc., R. Co.* v. *Armuth* (1913), 180 Ind. 673, 683, 103 N. E. 738.

We find no reversible error in the giving of instructions to the jury. Those tendered by appellant and refused by the court were in substance covered by those given. The instructions as a whole fully and fairly state the law applicable to the case under the issues and evidence shown by the record. We have examined the questions relating to admission of evidence and find no ruling which deprived appellant of any substantial right. The evidence tends to support the verdict. On the whole the case seems to have been fairly tried and a correct result reached. No intervening error harmful to appellant is presented, which would warrant a reversal of the judgment. Judgment affirmed.

NOTE.—Reported in 111 N. E. 447. As to presumption by pedestrian of exercise of due care by driver, see 19 L. R. A. (N. S.) 166; 39 L. R. A. (N. S.) 486. As to care required by one in sudden emergency, see 37 L. R. A. (N. S.) 43. As to duty of pedestrian injured by automobile in case of emergency, see 38 L. R. A. (N. S.) 494; 51 L. R. A. (N. S.) 1005. As to rights and duties of pedestrians and vehicles in highways, see 4 Ann. Cas. 398; Ann. Cas. 1914 A 249. See,

also, under (1) 38 Cyc 1930; (2) 38 Cyc 1869, 1901; (3) 38 Cyc 1926; (4) 38 Cyc 1916; (5) 29 Cyc 516; (6) 29 Cyc 596; (7) 29 Cyc 658; (8) 29 Cyc 647; (11) 3 C. J. 1428; 2 Cyc 1016; (12) 3 Cyc 223; 8 Cyc 798; (13) 13 Cyc 238.